**Horace L. PATTERSON et al., Plaintiffs,**

**v.**

**YOUNGSTOWN SHEET & TUBE COM-PANY, an Indiana corporation, and Local 6, Bricklayers, Masons and Plasterers International Union of America, AFL–CIO, Defendants.**

**Civ. No. 71 H 301.**

United States District Court,
N. D. Indiana,
Hammond Division.

Jan. 11, 1974.

M. W. Garnett, Chicago, Ill., Frederick T. Work, Gary, Ind., for plaintiffs.

Bernard M. Mamet, Henry M. Thulen, Dean Bitlon, Chicago, Ill., Joseph E. Costanza, East Chicago, Ind., Milton Webster, Michael Reiter, EEOC, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

This is an action brought by ten individual plaintiffs against the defendants, Youngstown Sheet & Tube Company and Local 6, Bricklayers, Masons and Plasterers International Union of America, AFL–CIO, in which the jurisdiction of this court is asserted under Section 706(f) of the Civil Rights Act of 1964, 42 United States Code, Section 2000e et seq. It is also asserted as a class action under Rule 23 of the Federal Rules of Civil Procedure. Both defendants are charged with unlawful job discrimination. This complaint was originally filed by the plaintiffs on October 22, 1971. Extensive discovery has taken place in this case. Local 6 as a defendant in this case filed its answer on December 7, 1971 and the defendant, Youngstown Sheet & Tube Company, filed its answer on December 8, 1971. An order was entered defining the class as delineated in Rule 23 on November 14, 1971.

On September 5, 1973 the Equal Employment Opportunity Commission filed its motion to intervene as a party plaintiff in this case. Oral argument was heard by all parties to this action and by the Equal Employment Opportunity Commission and extensive briefs have been filed by the parties and the Commission in this case. In oral argument and in the briefs it is conceded that in this case the Equal Employment Opportunity Commission does not have an absolute right to intervene and is therefore appealing to the discretion of this court.

Excellent insight into the legislative purpose of 42 United States Code, Section 2000e et seq., as it pertains to the right of the Commission to intervene, is found in Air Lines Stewards and Stewardesses Association, Local 550 v. American Airlines, Inc., 455 F.2d 101 (7th Cir. 1972). See also Braddy v. Southern Bell Telephone, 458 F.2d 666 (5th Cir. 1972).

The record in this case discloses that some of the charges which are the basis of the controversy between the plaintiffs and the defendants were filed as early as September 25, 1969.

■ The record in this case discloses two salient features. First, the legal and factual issues raised by the plaintiffs' complaint are substantially the same as those raised by the Commission's motion to intervene. Secondly, this case has been extensively litigated prior to the time of the request for intervention by the Commission, including extensive discovery, pretrial conference, hearings and other determinations. It has been at issue for more than two years and is ripe for final determination.

There is every indication that the plaintiffs are represented by experienced and able counsel who is thoroughly capable of complete and adequate representation of the plaintiffs' interest in this case. The resolution of the issues presented by the plaintiffs' complaint would appear to completely resolve the same dispute that is referred to in the Commission's motion to intervene. The realities of the situation are that there is great likelihood that the intervention of the Commission in this case would tend to delay rather than to expedite the determination of this case on its merits.

Permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure must be based upon "timely application". Said rule also provides "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties". Likewise, 42 United States Code, Section 2000e–5(f)(1) parallels the above quoted provision of Rule 24 when it states "upon *timely* application, the court *may*, in its discretion, permit the Commission . . . . to intervene." (my emphasis)

The discretion of this court to deny intervention is broad with regard to permissive intervention. See Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947), and Mendenhall v. Allen, 346 F.2d 326 (7th Cir. 1965).

Intervention is often denied if a Federal District Court determines that it might lead to improvident delay. See Commonwealth Edison Co. v. Allis-Chalmers Manufacturing Co., 315 F.2d 564 (7th Cir. 1963), cert. den., 375 U.S. 834, 84 S.Ct. 64, 11 L.Ed.2d 64 (1963). In this case the court makes the realistic assessment that such delay is highly probable here.

For all of the above reasons the Commission's motion to intervene in this case is hereby denied.