495 F.2d 1095
 Dorothy HOOTS, Individually and as mother of her children
Janelle Hoots et al., Appellees,
v.
COMMONWEALTH OF PENNSYLVANIA et al.
Appeal of TURTLE CREEK AREA SCHOOL DISTRICT.
Appeal of CHURCHILL AREA SCHOOL DISTRICT ALLEGHENY COUNTY.
 Nos. 73-1783, 73-1784, 74-1050, and 74-1051.
 United States Court of Appeals, Third Circuit.
 Argued Feb. 28, 1974.
Decided April 18, 1974.
 
 M. E. Evashwick; Evashwick, Brieger & Capone, James C. Evans, Pittsburgh, Pa., for appellant Turtle Creek Area School District.
 J. Robert Maxwell, Maxwell & Huss, Pittsburgh, Pa., for appellant Churchill Area School District, etc.
 R. Stanton Wettick, Jr., Neighborhood Legal Services Assn., Pittsburgh, Pa., for appellees.
 Before HUNTER and WEIS, Circuit Judges and BECKER, District Judge.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 The underlying action which gave rise to these appeals is a class action brought against the Commonwealth of Pennsylvania, the Pennsylvania State Board of Education, the Allegheny County Board of School Directors, the Allegheny Intermediate Unit Board of School Directors and various individuals as officials of these bodies. The complaint was filed on June 9, 1971 and alleged that the defendants intentionally and knowingly drew boundary lines for the new consolidated school districts in the central eastern area of Allegheny County, and specifically for the General Braddock Area School District, in a way that perpetuated and maximized racial segregation in violation of the equal protection clause. On May 15, 1973, the district court found in favor of the plaintiffs and ordered the Commonwealth defendants to prepare and adopt a comprehensive plan of school desegregation for that area of Allegheny County.
 
 
 2
 No appeal from this decision was filed by any of the named defendants, but on June 12, 1973, the Turtle Creek Area School District ('Turtle Creek'), a local school district likely to be affected by the desegregation plan, filed a petition to intervene in the case as a party defendant in order to take an appeal. On June 13, 1973, Churchill Area School District ('Churchill'), a similarly situated local school district, took the same action. These petitions to intervene were denied by the district court on June 13, 1973 and these denials as well as various exceptions to the May 15, 1973 judgment of the district court itself form the basis for appeals No. 73-1783 and No. 73-1784.
 
 
 3
 Subsequent to the filing of these appeals, the Commonwealth defendants submitted a proposed desegregation plan to the district court. Turtle Creek and Churchill as well as the other school districts affected under the plan, thereupon filed new petitions to intervene. The district court permitted intervention at this point for the limited purpose of presenting argument on the issues of 1) whether the Commonwealth's plan complied with the district court's order of May 15, 1973 and 2) whether the Commonwealth abused its discretion in choosing the plan it submitted for approval. However, it refused to permit the school boards to intervene as defendants for all purposes.[1] This denial as it relates to Turtle Creek and Churchill, is the basis for appeals No. 74-1050 and No. 74-1051.[2] These appeals and the earlier ones have been consolidated since they involve the same issues.
 
 
 4
 While the parties that have brought this appeal have undertaken a broad attack upon the district court's judgment of May 15, 1973, the crucial threshold question is whether their petitions to intervene were properly denied. If they were Churchill and Turtle Creek are not parties to the action and cannot appeal the judgment of the district court.[3] We have concluded that the denial of these petitions was proper, and as a result, the appeals will be dismissed.
 
 
 5
 As the Supreme Court has recently made clear, it is within the discretion of the district court to deny a petition to intervene if it is not timely. NAACP v. New York, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). In the instant case, the untimeliness of the various petitions is clear. The first petition was not filed until June 12, 1973, two years after the case was originally filed, six months after the trial, and almost a month after the district court's opinion and order were filed.
 
 
 6
 Moreover, the petitioners could not reasonably claim ignorance either of the proceedings or the necessity for intervention at a much earlier date. On May 19, 1972, (more than six months before trial) the Attorney-General of Pennsylvania sent identical letters to Turtle Creek and Churchill that informed them of the suit and noted that the relief requested would have an important effect on the future of their districts.[4] The letter then indicated that the Attorney-General's position in the litigation would have to reflect the interests of the Commonwealth as a whole and that as a result it probably would not reflect the interests of the local school districts. It closed with the following suggestion:
 
 
 7
 'I, therefore, urge you to intervene in this action immediately if you wish the viewpoint of your school district and your constituents to be represented and presented before the trier of fact and of law.'
 
 
 8
 This letter, at the very least, put the school districts on notice to be alert to the likely necessity for intervention. Yet despite this clear warning, no petition to intervene was filed until June 12, 1973, six months after the December 1972 trial. Since the necessity for intervention was apparent at least by time of trial,[5] the failure of Turtle Creek and Churchill to act until months later makes the petitions ultimately filed untimely. See NAACP v. New York, supra. The petitions for intervention filed in June and October of 1973 were properly denied.
 
 
 9
 The appeal will be dismissed.
 
 
 
 [1]
 Had general intervention been permitted, most of the school boards would have sought to reopen the record so that they could present arguments in opposition to the district court's May 15, 1973 judgment of liability
 
 
 [2]
 Naturally, since the plaintiffs have not filed an appeal, our decision in no way affects the district court's order granting limited intervention
 
 
 [3]
 While Churchill and Turtle Creek rely primarily upon their asserted status as intervenors to establish their right to appeal the district court's judgment, they also suggest that this right is established under Federal Rule of Civil Procedure 19 which provides for compulsory joinder of indispensable parties. This argument begins with the local school districts' assertion that they are indispensable parties and that the district court erred when it rejected the named defendants' motion to have them so named. They go on to contend that this question can be raised by this court sua sponte so that even if they do not qualify as intervenors, we should still bring them into the action under Rule 19 and permit them to attack the judgment of the district court
 This argument is not meritorious. While courts of appeals have raised questions as to the absence of indispensable parties sua sponte, J. Moore, Federal Practice P19.19 at 2582 they have done so only when an appeal had already been properly brought by one of the parties to the action. See cases cited id. note 11. We do not feel that it is appropriate to take the same approach in cases such as this, where the only 'appeal' to this court has been initiated by non-parties. In these circumstances, we can reach the indispensable party question only if we reach out on our own initiative and upset proceedings before the district court that have proved satisfactory to all of the present parties to the case. This would create an unwarranted interference with the work of the district courts.
 It may be that a non-party's rights are so affected in a particular case that he should have the right to initiate an appeal. However, he must first make himself a party to the action by filing a petition to intervene under Rule 24 and by meeting the requirements that exist for successful intervention. We will not create a procedure that would allow him to circumvent these requirements by petitioning this court directly for a decision that declares him to be an indispensable party under Rule 19.
 
 
 [4]
 A copy of the amended complaint accompanied the letter
 
 
 [5]
 By that time the following papers were of record and available for the school districts' review: Plaintiffs' proposed stipulation of facts; plaintiffs' pretrial statement; County defendants' pretrial statement; Commonwealth defendants' pretrial statement; the pretrial stipulation; and plaintiffs' summary of opinion evidence