**COMMONWEALTH OF PENNSYL-
VANIA et al.**

v.

**Joseph R. RIZZO, Fire Commissioner,
et al.**

**Civ. A. No. 74-258.**

United States District Court,
E. D. Pennsylvania.

March 5, 1975.

Israel Packel, Atty. Gen., Robert P. Vogel, Asst. Atty. Gen., Robert Reinstein, Philadelphia, Pa., for plaintiffs.

Stephen Arinson, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This matter comes before the Court on petitioners' motion for leave to intervene pursuant to Rules 24(a)· and 24(b) of the Federal Rules of Civil Procedure. The petitioners are the Fire Officers Union of the City of Philadelphia and individual firemen and officers in the Philadelphia Fire Department who have taken and passed the required examination for promotions within the Fire Department. Because the motion for leave to intervene was not timely filed within the meaning of Rule 24, it will be denied.

An understanding of the factual backdrop against which the petitioners' motion to intervene as defendants must be examined is essential to a proper resolution of the application for intervention. Plaintiffs filed the complaint in this action on January 31, 1974, alleging racial discrimination in the hiring and promotion procedures employed by the City of Philadelphia and the Philadelphia Fire Department. Following extensive discovery and the disposition of several pretrial motions, an evidentiary hearing was held during June and July, 1974, on plaintiffs' motion for a preliminary injunction. On July 26, 1974, at the conclusion of the eight-day hearing, this Court granted the motion for a preliminary injunction. The preliminary injunction enjoined the Philadelphia Fire Department from hiring any new uniformed firemen unless one qualified minority candidate was selected for every two white candidates selected. No evidence was presented, nor did the Court rule, on the issue of discrimination in promotion during the hearing on the motion for preliminary relief. On August 5, 1974, the Court entered an Order setting December 2, 1974, as the date for the final hearing in this matter. In light of the pronounced intent of the involved parties to amicably resolve the issues still in dispute, the hearing scheduled for December 2, 1974, was continued and a series of settlement conferences were held for the purpose of disposing of the questions yet unresolved without the need for a formal evidentiary hearing. On December 27, 1974, upon consideration of plaintiffs' motion for an injunction *pendente lite*, the Court entered an Order specifying the racial composition of promotions to be made by the Fire Department on December 30, 1974. The Court then scheduled a final hearing for January 7, 1975. In lieu of oral testimony, plaintiffs and defendants stipulated to the introduction of evidence and the testimony that certain witnesses would give if called. Various individual claims were settled and made a part of the above stipulation. Based upon the evidence presented, and the applicable law, the Court made findings of fact and conclusions of law and entered a final Order disposing of the unresolved issues.

The Fire Officers Union and individual officers presently on the promotion list moved for leave to intervene on January 6, 1975, one day before the Court's final Order was entered and ten days after the granting of the injunction *pendente lite*. The individual firemen filed their petition to intervene on December 30, 1974, three days after the injunction *pendente lite* was granted. On January 23, 1975, the Fire Officers Union, officers, and firemen presently on the promotion list jointly filed a supplemental motion for leave to intervene and legal memorandum in support thereof. Essentially, the petitioners seek to intervene in this action in order to challenge the Court's Orders of December 27, 1974, and January 7, 1975, insofar as such Orders require the promotion of officers in the Philadelphia Fire Department out of the order in which such persons are on the current promotion list.

██ Intervention pursuant to Rules 24(a) and 24(b) is permissible only upon "timely application." NAACP v. New York, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); United States v. Blue Chip Stamp Company, 272 F.Supp. 432 (C.D.Calif.1967), aff'd sub nom. Thrifty Shoppers Scrip Co. v. United States, 389 U.S. 580, 88 S.Ct. 693, 19 L. Ed.2d 781 (1968). An application for intervention deemed untimely by the Court to which it is addressed must be denied. While the point to which the suit has progressed is one factor in the determination of whether an application is timely, "timeliness is to be determined from all the circumstances." NAACP v. New York, *supra*, 413 U.S. at p. 366, 93 S.Ct. at p. 2603. The Court must look to related circumstances, including the purpose for which intervention is sought, the necessity for intervention as a means of preserving the applicants' rights and the extent to which intervention will prejudice the rights of the parties already in the case. Hodgson v. United Mine Workers of America, 153 U.S.App.D.C. 407, 473 F.2d 118 (1972).

██ We recognize that the point to which the suit has progressed is not in and of itself dispositive of the issue of timeliness. Nonetheless, the Court is also not unmindful of the well-established principle that intervention after entry of a final judgment will not be allowed unless a "strong showing is made," United States v. Blue Chip Stamp Company, *supra*, 272 F.Supp. at p. 435; Wright & Miller, Federal Practice and Procedure: Civil § 1916 (1972), or where unusual and compelling circumstances are demonstrated. McDonald v. E. J. Lavino Company, 430 F.2d 1065 (5th Cir. 1970); Minersville Coal Co., Inc. v. Anthracite Export Ass'n, 58 F.R.D. 612 (M.D.Pa.1973).

As discussed previously, the first petition for leave to intervene was filed three days after the injunction *pendente lite* was granted and seven days prior to the entry of the Court's final Order. The second application for intervention was made the day before the final Order was entered in this case. It must also be noted that the motions for intervention were filed almost a full year after the filing of the complaint and five months after the hearing and decision on plaintiffs' motion for a preliminary injunction.

Furthermore, the intervenors cannot reasonably claim that they were unaware of the filing of the complaint, the granting of the preliminary injunction, or the pendency of the proceedings that ultimately culminated in the entry of the final Order on January 7, 1975. There was continuous and extensive media coverage of the nature and scope of the instant litigation, including, but not limited to, newspaper articles appearing in the Philadelphia Inquirer, Bulletin and Daily News. In February, 1974, copies of the complaint in this action were circulated by departmental mail to fire stations throughout Philadelphia. An affidavit submitted by Ronald Lewis, the past president of the Club Valiants, Inc., (a plaintiff herein) shows that discussions were held with individual members of the Fire Officers Union concerning the likelihood of suit and the nature of the relief sought.

██ Petitioners had every opportunity to intervene in this law suit. The nature of the relief sought and granted in connection with the plaintiffs' motion for preliminary injunction should have alerted the petitioners to the likely necessity for intervention. The applicants failed to exercise their right to intervene in this action. The Court concludes, therefore, that the applications for intervention are untimely.

The law is clear that it is within the discretion of the district court to deny a petition to intervene if it is not timely. NAACP v. New York, *supra*, 413 U. S. at p. 366, 93 S.Ct. 2591; Hoots v. Commonwealth of Pennsylvania, 495 F. 2d 1095, 1097 (3rd Cir. 1974). In the *Hoots* case, the district court ordered

the Commonwealth and certain other named defendants to prepare and adopt a comprehensive plan of school desegregation for a specific area of Allegheny County. When no appeal was taken by the named defendants from the decision, a local school district filed a petition to intervene in the case as a party defendant. The petition to intervene was filed almost a month after the district court's order was entered. The court of appeals affirmed the lower court's denial of the petition to intervene, holding that "the untimeliness of the various petitions is clear." 495 F.2d at 1097. While it is true that in the *Hoots* case the petitioners were given a clear warning to intervene and failed to do so, it is undeniable that the petitioners in the instant action were fully aware of the pending litigation and the nature of the relief sought by the plaintiffs but, nonetheless, chose not to exercise their right to intervene until after the issuance of the injunction *pendente lite* and immediately prior to the entry of the final Order. At that juncture of the case, the application was untimely.

In determining that the application for intervention was untimely filed, the court did not fail to consider the additional factors outlined in the *Hodgson* decision. To allow intervention at this stage of the case would result in serious prejudice to the rights of the plaintiffs and the Philadelphia Fire Department. Extensive discovery has been undertaken and completed, all critical issues have been resolved, and a final Order has been entered. The interest in basic fairness to the parties and the expeditious administration of justice mandates the denial of the motion to intervene. With respect to the question of the necessity of intervention as a means of preserving the applicants' rights, this Court is of the position that the rights of all firemen and officers to promotion within the Fire Department were adequately and fully protected by the City of Philadelphia and the Philadelphia Fire Department throughout the course of this litigation.

Accordingly, the petitioners' motion for leave to intervene in this instant action will be denied.