Lyndall MOLTHAN, M. D. Bernice Torrance, and Dr. Rosalie A. Cohen individually and on behalf of all other persons similarly situated

v.

**TEMPLE UNIVERSITY OF the COMMONWEALTH SYSTEM OF HIGHER EDUCATION.**

Civ. A. No. 75–1401.

United States District Court, E. D. Pennsylvania.

March 8, 1982.

Peggy R. Mastroianni, Washington, D. C., for EEOC.

Harry Lore, Gordon Gelfond, Philadelphia, Pa., for plaintiffs.

Matthew M. Strickler, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

Plaintiffs filed the original complaint in this civil rights action alleging, *inter alia*, violations of Title VII, 42 U.S.C. § 2000e–5 and 42 U.S.C. § 1983, on May 15, 1975. Since that time summary judgment has been granted in defendant's favor as to a number of plaintiffs' claims, *see Molthan v. Temple University*, 442 F.Supp. 448 (E.D. Pa.1977) (*Molthan I*), and a class has been certified for the Title VII claims. *See Molthan v. Temple University*, 83 F.R.D. 368 (E.D.Pa.1979) (*Molthan II*). Presently before me is Equal Employment Opportunity Commission's (EEOC) motion to intervene (with which plaintiffs concur) pursuant to F.R.Civ.P. 24(b) on the ground that Title VII gives it the conditional right to intervene because EEOC has certified that this is a case of general public importance. *See* 42 U.S.C. § 2000e–5(f)(1). Because I conclude that EEOC's motion, filed October 8, 1981, is untimely, and that EEOC's presence will unduly delay the adjudication of the rights of the parties, the motion will be denied.

F.R.Civ.P. 24(b) provides:

(b) *Permissive Intervention.* Upon *timely* application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. *In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.* (Emphasis supplied.)

The threshold inquiry in resolving a motion to intervene is whether the motion is timely. *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 2602, 37 L.Ed.2d 648 (1973). Because Rule 24 does not set forth a specific time limit governing the filing of the motion to intervene, the determination of whether the motion has been timely filed

is left to the discretion of the trial court to be exercised after consideration of all the circumstances of the case. *Id.* Essential to the court's inquiry is whether intervention at a particular stage will, as a practical matter, "unduly delay or prejudice the adjudication of the rights of the original parties." F.R.Civ.P. 24(b). *See Commonwealth v. Rizzo*, 530 F.2d 501, 507 (3d Cir.), *cert. denied sub nom., Fire Officers Union v. Pennsylvania*, 426 U.S. 921, 96 S.Ct. 28, 49 L.Ed.2d 375 (1976). While the length of delay is a factor to be considered, it is not dispositive. *Id. See Diaz v. Southern Drilling Corporation*, 427 F.2d 1118, 1125 (5th Cir.), *cert. denied sub nom., Trefina, A. G. v. United States*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). Rather, the court must assess the impact of intervention on the case as it presently stands. *See Commonwealth v. Rizzo, supra.*

■ EEOC's motion to intervene in the instant case comes at a time when this litigation finally appears to be moving toward its resolution after years of delay. This case began nearly ten years ago, on July 7, 1972, when plaintiff, Bernice Torrance, filed a charge of employment discrimination with EEOC. As above noted, the complaint was filed May 15, 1975, more than six and one-half years ago. At that time two other plaintiffs joined with Torrance in complaining of pervasive gender-based discrimination in the employment practices and policies of defendant Temple University.

During the following years much has taken place. A number of plaintiffs' claims have been dismissed in response to defendant's motion for summary judgment. An amended complaint has been filed. Much time has been expended on the class certification issue. Throughout, this litigation has been marked by procedural maneuvering on discovery and other matters with the result that over six and one-half years after the complaint was filed and more than two and one-half years after a class was certified, this case has still not proceeded to trial. I have previously noted my dissatis-

faction with the manner in which it has proceeded. In the opinion granting class certification I stated:

> I recognize that this case has proceeded at a deplorably slow pace.... Once this case is certified as a class action, of course, it *will* be [plaintiffs' counsel's] duty to prosecute it competently and vigorously.

*Molthan II* at 374. Since the grant of class certification, substantial discovery on the merits has taken place. I recently issued an order resolving significant discovery disputes between the parties with the intended result that the case would proceed expeditiously to trial. (Document No. 85).

EEOC contends that its presence will not further delay or prejudice the adjudication of the rights of the parties presently before me. I disagree. As Judge VanArtsdalen recently stated in a case in which a motion to intervene was filed ten years after the complaint was filed, "to assert, as the proposed intervenors do, that they can merely step into a case of this magnitude ten years [or in the instant case six and one-half years] after its inception without causing significant delay or prejudice is naive at best." *Bogosian v. Gulf Oil Corporation*, slip op. Civil Class Actions Nos. 71–1137 & 71–2543 at 3 (E.D.Pa., Nov. 23, 1981). And, as another court has stated:

> Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair!

*Crosby Steam Gage and Valve Co. v. Manning, Maxwell and Moore, Inc.*, 51 F.Supp. 972, 973 (D.Mass.1943).

EEOC's vigorously contested [1] motion to intervene itself establishes that EEOC's intervention at this time will expand this litigation with resulting additional delay. In opposing the motion, defendant contends that EEOC's complaint is barred by res judicata in light of a consent decree that EEOC entered into with defendant in 1978

---

1. Only defendant objects to EEOC's intervention.

in litigation before Judge Becker. Further, defendant challenges EEOC's certification of the instant case as one of general public importance prompting EEOC to vigorously contend that its certification is not subject to judicial review. I express no opinion as to the merits of either of these issues, but I will accept, for the purposes of exercising my discretion on this motion to intervene, EEOC's certification that this case is one of general public importance. I do suggest, however, that neither of these issues is susceptible of easy resolution, and that their existence injects additional complications into a case which finally, after years of dilatory behavior on both sides, seems to be moving toward trial.[2]

EEOC has not explained why it waited six and one-half years to intervene in this case. Given the fact that all of the named plaintiffs had to exhaust administrative remedies with EEOC prior to initiating suit in this court, and the further fact that this case has produced two lengthy published opinions, EEOC cannot claim that it lacked knowledge that the public interest, as it now perceives it, was at stake in this litigation. Yet for six and one-half years it did nothing. The absence of any legitimate excuse for the delay simply buttresses my conclusion that EEOC's motion is untimely. *See Commonwealth v. Rizzo, supra,* 530 F.2d at 507; *Hoots v. Commonwealth,* 495 F.2d 1095, 1097 (3d Cir.) (per curiam), *cert. denied sub nom., Churchill Area School District v. Hoots,* 419 U.S. 884, 95 S.Ct. 150, 42 L.Ed.2d 124 (1974).

Finally, any additional delay caused by EEOC's intervention at this time would be "undue". While I accept for purposes of this motion EEOC's certification of this action as one of general public importance, in my view, this is a case where the public and private interests coincide. Plaintiffs are not challenging a particular employment practice of a specific university department. Rather, as is discussed in far greater detail in *Molthan I* and *II*, this case involves an across the board challenge to university-wide employment practices. A review of EEOC's proposed complaint reveals that, at the very least, it is making the identical challenge that the named plaintiffs are making. Implicit in my certification of the class is a finding that plaintiffs' counsel can adequately make the broad-based attack on Temple's employment practices that EEOC now seeks to make. F.R.Civ.P. 23. *See Molthan II.* Although I note that this case will involve statistical analysis of large amounts of data, and that EEOC moves for intervention principally on the basis that the public interest will not be represented if the court does not have the benefit of EEOC's expertise in analyzing such data, I have no reason to believe that plaintiffs' counsel will not be able to make such analyses. Indeed, plaintiffs' counsel has, on at least two occasions, represented to this court that they have engaged labor economists and statisticians to analyze the data in this case.[3] *See e.g.,* Plaintiffs' Response to Defendant's Memorandum In Opposition

---

2. Additional issues are presented to the court by EEOC's motion to intervene. First, although the class in this action is limited solely to those "female faculty members, administrative personnel, and professional personnel of Temple University who could have filed timely complaints of discrimination with the EEOC on or after March 24, 1972," (document No. 51), EEOC's complaint, attached to its motion to intervene, seeks to challenge Temple's employment practices since July 2, 1965 (EEOC's Complaint ¶ 10, document No. 86). In memoranda filed subsequent to its motion to intervene, EEOC suggests that it has prepared an amended complaint which rectifies the discrepancies in dates. However, despite an assertion to the contrary, EEOC has not provided the court with a copy of the amended complaint.

Further, and more important, EEOC seeks an award of back pay to affected individuals. In *Molthan II*, I declined to certify the class for back pay claims because of my concern that a series of mini trials would result. EEOC's prayer for relief, however, again injects this issue into the case.

3. Further, counsel for EEOC agreed at argument that EEOC is not legally barred from offering assistance to plaintiffs' counsel without formally intervening. Whether EEOC considers that this case is of sufficient importance to warrant its giving plaintiffs assistance is a matter for EEOC to decide.

to Plaintiffs' Motion to Strike (document No. 74); Transcript of Argument on Plaintiffs' Motion to Strike at 2 (document No. 82). In my view, therefore, the public interest, as framed by EEOC, will be adequately represented without EEOC's intervention. *See, e.g., Rosario v. The New York Times Company,* 10 E.P.D. ¶ 10,576 at 6380 (S.D.N.Y.1975); *Patterson v. Youngstown Sheet & Tube Company,* 62 F.R.D. 351, 352–353 (N.D.Ind.1974). EEOC's "contributions to the proceedings would be superfluous... [and] any resulting delay would be undue." *Hoots v. Commonwealth,* 672 F.2d 1133, 1136 (3d Cir. 1981). Accordingly, EEOC's motion to intervene will be denied.

Elizabeth Gere Whitaker, Asst. U. S. Atty., Cincinnati, Ohio, for U. S.

Richard L. Norton, Cincinnati, Ohio, for Gene Alan Graff and Tony James, Inc.

Michael Brown, pro se.

Thomas Stueve, Cincinnati, Ohio, for Thaddeus Denthriff.