John R. JENNER and Marjorie E. Jenner, his wife, Plaintiffs and Respondents,

v.

REAL ESTATE SERVICES, a Utah corporation; Joseph C. Franich and Carolyn M. Franich, his wife; and Larry J. Nielson and Kay Nielson, his wife, Defendants and Respondents,

Ronald Johnson, Intervenor and Appellant.

No. 18100.

Supreme Court of Utah.

March 2, 1983.

G. Lee Rudd, Salt Lake City, for intervenor and appellant.

Allen M. Swan, Salt Lake City, for plaintiffs and respondents.

HALL, Chief Justice:

Ronald Johnson appeals from the denial of his motions to intervene and to set aside the default judgment entered against defendants.

Plaintiffs sold certain real property to defendant Real Estate Services on a contract dated October, 1978. Thereafter, on March 30, 1979, Real Estate Services assigned its rights and obligations under the contract to defendants Franich and Nielson. Just prior thereto, on March 27, 1979, defendant Joseph C. Franich entered into an agreement with Johnson whereby Johnson deposited $11,000 with Franich, who was to use the money for real estate investments. Franich was to receive a commission for managing the investments and he and Johnson would share equally the income and profits after the return of Johnson's capital investment. The subject property is that in which Franich invested Johnson's

money. Johnson's interest in the property was undisclosed to plaintiffs, and it was not made of record.

Defendants failed to make the payments due under the contract. Plaintiffs elected to declare a forfeiture, and in August, 1981, sent each defendant a notice to pay the delinquent payments within five days or forfeit their interest in the property.

Defendants did not respond to the notice and on August 19, 1981, plaintiffs initiated this lawsuit, seeking *inter alia,* forfeiture and cancellation of the contract and served a summons on each of the defendants.

On September 15, 1981, Franich advised Johnson that he was leaving town and desired to terminate their investment agreement. He offered his interest in the subject property to Johnson for $10,000. Johnson paid Franich $5,000 and gave him a promissory note for the balance in return for a quit-claim deed to the property.

On September 23, 1981, plaintiffs obtained a default judgment which forfeited the interest of all named defendants and cancelled the contract. Johnson learned of the judgment on September 25, 1981, and immediately contacted plaintiffs and offered to bring the contract current, but plaintiffs refused. Johnson filed his motions to intervene and to set aside the judgment on October 6, 1981, and the district court denied both motions. At the hearing, Johnson tendered the sum of $6,500 to bring the contract current, including attorney fees. It was declined.

The issue presented by this appeal is whether the motion to intervene was timely, having come after the entry of judgment.

█ Rule 24(a), Utah R.Civ.P., permits intervention as a matter of right when the applicant will be adversely affected by the court's disposition of property. However, the right is not absolute. The Rule requires that the application for intervention be made timely.[1] Use of the word "timely" in the Rule requires that the timeliness of the

---

1. *State v. Chavez,* N.M., 45 N.M. 161, 113 P.2d 179 (1941).

application be determined under the facts and circumstances of each particular case, and in the sound discretion of the court.

 Generally, the cases hold that intervention is not to be permitted after entry of judgment.[2] The courts are reluctant to make exceptions to the general rule[3] and do so only upon a strong showing of entitlement and justification,[4] or such unusual or compelling circumstances[5] as will justify the failure to seek intervention earlier. Postjudgment intervention is looked upon with disfavor by reason of the tendency thereof to prejudice the rights of existing parties and the undue interference it has upon the orderly processes of the court.[6]

In *Rains v. Lewis,*[7] the Washington court reaffirmed its holding in a prior case[8] and stated the rule as follows:

> [I]f [intervention is] permitted after judgment, it should be only on a strong showing after taking into consideration all circumstances, including prior notice of the lawsuit and circumstances contributing to the delay in making the motion. To this we would add a showing of substantial prejudice if permission to intervene is denied.

 In the instant case, Johnson contends that he had no notice that the contract payments were in arrears, nor that suit had been initiated against Franich and the other defendants. He further contends that his motion for intervention was timely filed since he filed it within eleven days after learning of the entry of judgment in favor of plaintiffs. However, Johnson and Franich were partners or co-venturers. Such being the case, Johnson, having chosen to remain undisclosed as a partner and hav-ing permitted Franich to assume the role of sole owner of their interest in the property, has no standing now to assert his interest as against innocent third parties.[9] Furthermore, notice to a partner of any matter relating to partnership affairs operates as notice to or knowledge of the partnership.[10]

Applying the foregoing rules of law to the facts of this case, the trial court did not err in denying Johnson's motion to intervene. Johnson was charged with notice of the default in the contract payments by virtue of the notice and demand for payment that was duly served upon Franich. He was also charged with notice that plaintiffs sought cancellation of the contract, restoration of possession and forfeiture by virtue of the summons which was also duly served upon Franich.

In light of the particular facts and circumstances of this case, the trial court did not abuse its discretion in denying Johnson's motion for intervention on the grounds that it was untimely. Having so ruled, Johnson's further contention that the trial court erred in denying his motion to set aside the default judgment is rendered moot.

Affirmed. Costs to plaintiffs.

STEWART, OAKS, HOWE, and DURHAM, JJ., concur.

**2.** See 37 A.L.R.2d 1306.

**3.** *McClain v. Wagner Electric Corp.,* 550 F.2d 1115 (C.A.Mo.1977).

**4.** *U.S. v. Association Milk Producers, Inc.,* 534 F.2d 113 (C.A.Mo.1976).

**5.** *Com. of Pennsylvania v. Rizzo,* 66 F.R.D. 598 (D.C.Pa.1975), aff'd, 530 F.2d 501 (1977).

**6.** *U.S. v. U.S. Steel Corp.,* 548 F.2d 1232 (C.A. Ala.1977).

**7.** Wash.App., 20 Wash.App. 117, 579 P.2d 980 (1978).

**8.** *Martin v. Pickering,* 85 Wash.2d 241, 533 P.2d 380 (1975).

**9.** 68 C.J.S. Partnership § 176, citing *In re Flynn's Estate,* 181 Wash. 284, 43 P.2d 8 (1935).

**10.** U.C.A., 1953, § 48–1–9; 68 C.J.S. Partnership § 175; 60 Am.Jur.2d Partnership § 135.