**Rosalie COHEN**

v.

**TEMPLE UNIVERSITY OF the COMMONWEALTH SYSTEM OF HIGHER EDUCATION, et al.**

Civ. A. No. 75–1401.

United States District Court, E.D. Pennsylvania.

Feb. 2, 1984.

Harry Lore, Philadelphia, Pa., for plaintiff.

Robert Reinstein, Edward D. Ohlbaum, Philadelphia, Pa., for defendants.

OPINION

LUONGO, Chief Judge.

The long, complex history of this employment discrimination case has been recited in several opinions [1] and will not be repeated here. All that remains of this litigation is the individual sex discrimination claim of Dr. Rosalie Cohen, brought under Title VII and 42 U.S.C. § 1983, alleging that Temple University's failure to promote her was because of her sex. The case is scheduled for trial in the immediate future.

Currently before me is defendant's motion to dismiss the § 1983 claim. Defendant contends that two recent Supreme Court cases, *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) and *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), have so drastically changed the definition of state action,[2] that Temple University can no longer be considered to act "under color of state law." Because it does not meet this requirement of § 1983, defendant argues, dismissal must be granted and plain-

---

**1.** See *sub nom. Molthan v. Temple University*, 93 F.R.D. 585 (E.D.Pa.1982) (E.E.O.C. Motion to Intervene), 83 F.R.D. 368 (E.D.Pa.1979) (class certification), 442 F.Supp. 448 (E.D.Pa.1977) (partial summary judgment).

**2.** "State action" under the Fourteenth Amendment is action "under color of state law" for § 1983 purposes. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931, 102 S.Ct. 2744, 2751, 73 L.Ed.2d 482 (1982).

tiff's associated demand for a jury trial stricken.

The question of the status of Temple University and of its relationship to the Commonwealth is not a new one in this circuit.[3] In *Isaacs v. Board of Trustees of Temple University—of the Commonwealth System of Higher Education,* 385 F.Supp. 473 (E.D.Pa.1974), the court examined the quality and degree of contacts between the university and the Commonwealth, based on the "symbiotic relationship" approach to state action enunciated in *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). The court held that Temple did act under color of state law, emphasizing the degree of Commonwealth financial support and regulation and the university's status under the Act which brought it within the Commonwealth system.[4] Plaintiff maintains that despite the changes in state action analysis made by *Blum* and *Rendell-Baker, Isaacs* remains good law.

■ It is my belief that these two cases did significantly limit the entities which are to be considered to act under color of state law. Because both *Blum* and *Rendell-Baker* involved extreme examples of governmental funding and regulation,[5] it is no longer appropriate, when examining an entity's relationship with the state, to place as heavy an emphasis on these factors as did the court in *Isaacs.* For this reason, I

disagree with plaintiff that she may rely solely on *Isaacs* without further examination of its factual basis, *i.e.,* the relationship between Temple University and the Commonwealth. On the other hand, I cannot agree with defendant's position that these cases have eliminated the "symbiotic relationship" approach to state action so that no further examination of the issue is necessary.

■ In *Community Medical Center v. Emergency Medical Services of Northeastern Pennsylvania, Inc.,* 712 F.2d 878 (3d Cir.1983), the Third Circuit Court of Appeals considered *Rendell-Baker* and *Blum,* and held that the "symbiotic relationship" approach to state action was still viable, although limited by those cases to the extent that "whatever is required [to find state action], it is more than the financial support and the regulatory framework" found in those cases. *Id.* at 881. It will, therefore, be necessary for me to examine in greater detail, the relationship between Temple and the Commonwealth. I will deny defendant's motion to dismiss, so that the parties will have the opportunity, at trial, to create a record upon which a meaningful and up-to-date determination can be made. Defendant will, of course, be free to question whether plaintiff has established that Temple acted under color of state law, based upon the record created at trial.

3. In *Braden v. University of Pittsburgh,* 552 F.2d 948 (3d Cir.1977), the court of appeals held that the University of Pittsburgh had acted under color of state law in relation to the employment decision at issue in that case. The Commonwealth/University of Pittsburgh relationship was created by a statute the same as the one creating the Commonwealth's relationship with Temple University.

4. Temple University-Commonwealth Act, 24 P.S.A. § 2510–1 *et seq.*

5. In *Rendell-Baker,* state funding through tuition payments and grants accounted for 90–99% of the New Perspectives School's budget. The state regulation of the New Perspectives School was also extensive covering financial recordkeeping, student discipline, medical examinations for students, parent involvement, health care, the subjects of instruction, the student-teacher ratio, confidentiality of records, trans-

portation, insurance, nutrition, food preparation, toileting procedures, physical facilities, classroom equipment, and some personnel policies. In addition, by contract, the school had to provide periodic reports and was subject to inspection at any time. Marshall, J. dissenting 457 U.S. at 846–7, 102 S.Ct. at 2773.

In *Blum,* the Supreme Court held that the pervasive regulation of nursing homes, which included their licensing by the state, in combination with the state's subsidy of operating and capital costs and the payment of 90% of patients' medical needs was insufficient to support a finding of state action. "No one would doubt that nursing homes are 'pervasively regulated' by State and Federal Governments; virtually every action by the operator is subject to state oversight." Brennan, J. dissenting 457 U.S. at 1028, 102 S.Ct. at 2798.