**REPUBLIC INSURANCE GROUP, Plaintiff and Appellee,**

v.

**Bonnie Lou DOMAN and Todd Hadley, Defendants and Appellees,**

and

**Scott Duke, Proposed Intervenor and Appellant.**

No. 20838.

Supreme Court of Utah.

May 15, 1989.

Felshaw King, Glen T. Cella, Clearfield, for proposed intervenor and appellant.

D. Gary Christian, Heinz J. Mahler, Salt Lake City, for plaintiff and appellee.

Steven Lee Payton, Salt Lake City, for defendants and appellees.

HOWE, Associate Chief Justice:

Appellant Scott Duke appeals from the denial of his motion to intervene in this action for a declaratory judgment. He also appeals from the summary judgment entered therein.

On July 5, 1983, Scott Duke was involved in an altercation with Todd Hadley, the minor son of Bonnie Lou Doman. Hadley allegedly struck Duke across the neck and jaw with a baseball bat, causing serious injuries. Duke filed a civil action against Hadley and Doman seeking damages. On January 14, 1985, plaintiff Republic Insurance Group filed this declaratory judgment action, seeking judicial construction of a homeowner's policy it had issued to Doman. Republic contends that Hadley's assault of Duke was an intentional act that is specifically excluded from coverage under the terms of the policy. Republic sought judgment absolving it from both liability under the policy and responsibility to defend Doman in the civil action brought by Duke. On February 25, 1985, Republic served Doman and Hadley with interrogatories and requests for admission. On April 26, 1985, Republic moved for summa-

ry judgment based on the facts deemed "admitted" by Doman's and Hadley's failure to respond to the requests for admission. Utah R.Civ.P. 36. Republic filed a request for a ruling on its motion on May 8. Duke filed his motion to intervene on May 14; his motion was orally argued on June 11. On June 20, the court granted Republic's motion for summary judgment on the ground that Doman and Hadley had "admitted each and every material fact at issue." The court then denied Duke's motion to intervene, stating, "Since the plaintiff has been granted summary judgment, there is nothing left for Scott Duke to intervene in." Duke appeals.

Duke asserts that he was entitled to intervention as of right under rule 24(a) of the Utah Rules of Civil Procedure or, in the alternative, should have been granted permissive intervention under rule 24(b). Rule 24 states:

> (a) *Intervention of right. Upon timely application* anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) *Permissive intervention. Upon timely application* anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. (Emphasis added.)

The first requirement under both rule 24(a) and rule 24(b) is that the intervenor make "timely application." In *Jenner v. Real Estate Services*, 659 P.2d 1072, 1073–74 (Utah 1983), we examined the requirement of "timeliness." There we stated: "Use of the word 'timely' in the Rule requires that the timeliness of the application be determined under the facts and circumstances of each particular case, and in the sound discretion of the court."

The "facts and circumstances" of this case are as follows: Defendant knew this action was pending prior to his attempt to intervene. His motion for intervention stated, "Movant had previously been under the impression that defendants were adequately represented by counsel and their interests were adequately protected and represented." His motion was not filed until every fact necessary for a ruling on the motion for summary judgment had been deemed admitted and a ruling had been requested on the motion. Given these facts and circumstances, i.e., Duke's apparent notice and opportunity to intervene at an earlier stage of the proceeding and the ripeness of the case for summary judgment at the time the motion to intervene was made, the trial court did not abuse its discretion in denying the motion. Further, as a nonparty, Duke has no standing now to challenge on appeal the court's ruling on the motion for summary judgment.

Since the issue has not been presented for our determination and has not been briefed by counsel for either party, we express no opinion as to whether Duke is bound by the summary judgment.

The order of the trial court denying intervention is affirmed.

HALL, C.J., and STEWART, J., concur.

ZIMMERMAN, Justice (concurring):

I join the majority in holding that the trial court acted within its discretion in

denying Duke's motion to intervene. However, I wish to comment on a question raised at oral argument that goes to the heart of this matter: the effect of the judgment for Republic on Duke's separate suit.

I think it plain that any finding by the trial court in the present case that the tort was intentional could *not* be used against Duke in his separate civil action against Doman and Hadley because Duke was not a party to the instant case. The issue preclusion branch of *res judicata* applies only against one who was a party or in privity with a party to the prior adjudication. *Madsen v. Borthick*, 769 P.2d 245, 250 (Utah 1988). The insurance company here may have outsmarted itself in its attempt to avoid liability. If it wanted the real benefit of this declaratory judgment on the intentional nature of the tort, it should have ensured that Duke was a party, not striven to keep him out.

DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.