442 P.2d 938

**MIDVALE MOTORS, INC., Plaintiff and Appellant,**

v.

**Melvin J. SAUNDERS and Wanda Talbot Saunders, his wife, et al., Defendants and Respondents.**

**No. 11146.**

Supreme Court of Utah.

June 25, 1968.

182

Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for appellant.

William J. Anderson, Robert M. McRae, Salt Lake City, for respondents.

ELLETT, Justice:

This case on appeal involves a dispute between the plaintiff and its former coun-

sel. The plaintiff lost at the trial thereof, but on appeal the judgment was reversed.

Thereafter, the attorney for the plaintiff and the plaintiff's president had some misunderstandings, and as a result thereof counsel filed a motion asking the court to permit him to withdraw and to fix a reasonable fee for services rendered to the plaintiff up to that time. Notice of the hearing on the motion was served on both plaintiff and defendants. However, only the attorney appeared at the hearing. He gave testimony, and based thereon the trial court entered an order granting permission for counsel to withdraw as attorney for plaintiff; fixing an attorney's fee in the amount of $750 for services rendered to date; determining that the attorney had advanced costs in the amount of $131.76; and ordering that said counsel have a lien in the amount of $881.76, which "attaches to the files and pleadings in the case and also is herewith deemed a lien on * * * [the property involved in the lawsuit]."

The property referred to was a house and lot sold by plaintiff to the defendants pursuant to a uniform real estate contract. The plaintiff had brought the suit to recover $832 due and unpaid pursuant to the terms of the contract; for $100 per month for each month the property was thereafter held by defendants, together with a demand for an order compelling the defendants to deliver possession of the property to the plaintiff; and for attorney's fees.

The defendants tendered possession of the real property at the time they answered. Thereafter, but before trial, the plaintiff moved to strike its demand for possession, which motion was by the court denied.

The plaintiff here does not contend that the fee fixed by the court was unreasonable for the work done. It contends that most of the work done was unnecessary. It further contends that the court erred in fixing the fee *on motion* and declaring it to be a lien on the real property.

The attorney relies upon Sec. 78–51–41, U.C.A.1953, which reads as follows:

The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches *to a verdict, report, decision or judgment in his client's favor and to the proceeds thereof in whosesoever hands they may come*, and cannot be affected by any settlement between the parties before or after judgment. [Emphasis added.]

■ While a party may discharge his attorney with or without cause, the attorney should not withdraw from a case except for good cause. Eisenberg v. Brand, et al., 144 Misc. 878, 259 N.Y.S. 57. The reason for this is not difficult to see when one considers the hazards to a client if he attempts to conduct his own lawsuit. The attorney is schooled in substantive as well as procedural law and thus knows how to avoid pitfalls which otherwise would beset his client.

At common law an attorney has a retaining lien upon his files and records which he keeps in connection with any case wherein he is counsel. If the attorney is wrongfully discharged by the client, he need not surrender his papers in the case until he is paid his fee for services rendered. However, if he is discharged for cause or if he withdraws without cause, he loses his retaining lien and has to give the files and records over to his client or to the substitute attorney. See 7 Am.Jur.2d, Attorneys at Law, §§ 138 and 143.

■ It should be noted that unless an attorney has just grounds to withdraw, he waives his retaining lien by thus terminating his services. Sec. 5 of the annotation in 3 A.L.R.2d at page 159 is as follows:

It has been recognized that where the termination of the relation of attorney and client was chargeable to the attorney, either through his voluntary termination of the relation, or through his discharge because of his negligence or other misconduct, the retaining lien of the attorney on any papers or documents is thereby lost, and the client is entitled

to the delivery of such papers or documents.

It is to be noted that the statute above set out gives to an attorney what is called a *charging lien* which attaches to a *verdict, report, decision,* or *judgment* in his client's favor and to the proceeds thereof, etc. At the time of the order purportedly giving liens to the attorney, the plaintiff had no verdict, report, decision, nor judgment in his favor, and, of course, he had no proceeds therefrom. The statute gives a lien to the attorney on the fruits of his labor so as to protect him against an unjust enrichment on the part of a nonpaying client. It is not intended to give a general lien on any other assets of the client. If the attorney's work is sterile and produces no fruit, then he has no lien. Here counsel for plaintiff produced no fruit from his labor. He lost the case in the court below and then had to labor on an appeal to put his client back in status quo. When he withdrew from the case, he left the plaintiff practically as he found it, viz., with a lawsuit yet to be tried.

The court attempted to declare a lien when the statute gave none. If counsel was justified in withdrawing from the case, he had a common law retaining lien and still has it on his files and papers, unless he has waived it by surrendering the documents to the plaintiff or the substitute attorney, but he has no charging lien on plaintiff's property.

A retaining lien cannot be foreclosed. Counsel retains the files and records in order to have some means of exerting pressure upon his erstwhile client to make payment. If the records are not essential to the ex-client in prosecuting or defending the action to conclusion, then the retaining lien may be of no value. However, if such documents are necessary in order for the ex-client to proceed with the case, then a reasonable fee is likely to be paid by the former client in order to secure the necessary documents.

While there is authority to the effect that an attorney's lien on property recovered in an action may on application to the court be enforced in the original matter (see 7 Am.Jur.2d, Attorneys at Law, § 302), we think the better rule, in the absence of special circumstances requiring a contrary holding to prevent injustice, is to require counsel to bring a separate action against his client to determine the amount of his fee and to foreclose his charging lien if any he has.

This case is remanded to the lower court with directions to set aside the order as made. Costs to appellant.

CROCKETT, C. J., TUCKETT and CALLISTER, JJ., and JOSEPH E. NELSON, District Judge, concur.

HENRIOD, J., does not participate herein.