G. Dale FLAKE and Cynthia R. Flake, husband and wife, Plaintiffs and Respondents,

v.

Duane A. FRANDSEN, Defendant and Appellant.

No. 15309.

Supreme Court of Utah.

April 13, 1978.

Frandsen, Keller & Jensen, Michael R. Jensen, Price, for defendant and appellant.

**3.** *Investors Exchange v. Whiteley*, 269 Or. 309, 524 P.2d 1211 (1974).

**4.** See Rule 56(c), Utah Rules of Civil Procedure.

Boyd Bunnell, Price, for plaintiffs and respondents.

WILKINS, Justice:

Defendant appeals from summary judgment entered in favor of plaintiffs by the District Court for Carbon County. Reversed, and remanded for further proceedings. Costs to defendant. All statutory references are to Utah Code Annotated, 1953, unless otherwise indicated.

Plaintiffs brought action against defendant, an attorney, claiming that plaintiffs were owners of and entitled to possession of 105 shares of the stock of Huntington-Cleveland Irrigation Company, a water company; that defendant was in possession of the stock and was wrongfully withholding the same from plaintiffs. Defendant answered, claiming an attorney's lien on the stock in his possession for fees owing to him for services rendered to his clients, Mr. and Mrs. L'Heaueux, which fees remain unpaid.

Each party moved for summary judgment. Plaintiffs' motion was granted, and the Court ordered defendant to deliver the stock to plaintiffs. Defendant appeals.

The following facts are not in dispute. Defendant represented Mr. and Mrs. L'Heaueux in an action which they brought against Ray Wareham, et ux., for an accounting of payments made under a contract for the purchase of real property, and for breach of contract. In that suit, the Warehams filed a counterclaim for the balance due under the contract of sale. Judgment was entered in favor of the Warehams on their counterclaim, and the L'Heaueux were ordered to pay the balance due on the contract. The judgment recites that upon receipt of such purchase price, the Warehams were ordered to deliver a warranty deed and abstract of title to the L'Heaueux. The judgment was paid, and a satisfaction of that judgment was filed. The warranty deed and abstract were delivered to defendant as the L'Heaueux' attorney, together with the subject shares of water stock, which were endorsed to the L'Heaueux.

Defendant argues that these facts support his claim that he has a valid attorney's charging lien on the stock under Section 78–51–41, which provides:

The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and to the proceeds thereof in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment.

■ It is not clear whether the water stock in question was ever involved in the litigation. It is clear, however, that the judgment was not rendered in favor of defendant's clients, but against them, and that the statute, therefore, does not apply to defendant.

■■ Defendant also argues that he has a general or retaining lien on all documents and property of his client which come into his hands in the course of his professional employment. The common law "retaining lien" is founded on possession by the attorney of the papers and documents of his client, and is lost when the attorney no longer retains possession. This Court recognizes the existence of the retaining lien in addition to the charging or statutory lien discussed above.[1]

Plaintiffs argue that the L'Heaueux sold the stock to plaintiffs with full knowledge and approval of defendant, before the stock was delivered to him, and that the stock was not, therefore, the property of defendant's client at the time he took possession of it. Defendant denies these allegations and further claims that the stock is still in the name of his clients. Facts must be resolved concerning the date of the sale of the stock

1. See *Midvale Motors, Inc. v. Saunders*, 21 Utah 2d 181, 442 P.2d 938 (1968).

to plaintiffs, the date of the delivery thereof to defendant, and the relevant circumstances pertaining thereto.

These facts are material to the issue of whether defendant has a valid retaining lien on this stock, and as they are presently unresolved, the District Court erred in granting summary judgment to the plaintiff.

CROCKETT, MAUGHAN and HALL, JJ., concur.

ELLETT, C. J., concurs in the result.