1999 UT 99

**Neal K. OSTLER, Plaintiff and Appellant,**

v.

**Dave BUHLER, et al., Defendants.**

**Scott S. Kunkel, Real Party in Interest and Appellee.**

No. 981697.

Supreme Court of Utah.

Oct. 22, 1999.

Lynn P. Heward, Salt Lake City, for appellant.

James E. Morton, Salt Lake City, for appellee.

DURHAM, Associate Chief Justice:

¶ 1 Plaintiff Neal Ostler appeals from an order allowing intervention in the trial court by Ostler's former attorney, Scott Kunkel, and awarding fees to that attorney out of settlement proceeds received by Ostler. We reverse.

## FACTS

¶ 2 In June 1993, Ostler sued a former employer seeking redress for asserted civil rights violations. At the time, Ostler was represented by Kunkel. Just prior to trial, Ostler settled his case with his former employer for $50,000. Kunkel moved to withdraw as counsel, and Ostler unsuccessfully attempted to have the settlement vacated.

*See Ostler v. Buhler,* 957 P.2d 205 (Utah 1998). Meanwhile, in August 1996, Kunkel filed an attorney's lien[1] and gave notice of the lien to both Ostler and opposing counsel; Kunkel filed an amended lien one month later. His motion to withdraw was granted on October 3, 1996. On October 31, 1996, Kunkel filed a "Motion to Deposit Settlement Proceeds with the Court." Ostler filed no response and the motion was granted.

¶ 3 On May 27, 1998, Kunkel filed a "Motion for Disbursement of Settlement Proceeds," in which he requested the trial court to order the defendant to issue separate checks to Kunkel and Ostler. Again, Ostler did not file a response. The motion was granted on July 14, 1998; the court's order directed the defendant to pay Kunkel $31,-496.88 out of the $50,000 settlement proceeds.

¶ 4 On July 14, 1998, new counsel Lynn P. Heward filed a notice of appearance for Ostler. On July 17, Heward filed a notice of objection to the order in favor of Kunkel on the ground that the court lacked jurisdiction to enter an order in favor of a non-party.[2] On July 23, 1998, Ostler filed a motion for new trial, "specifically mov[ing] that the Court open and vacate the Order Distributing Settlement Proceeds dated July 14, 1998." The trial court denied both Ostler's request for a hearing on the motion and the motion itself. Finally, the trial court denied Ostler's objections to Kunkel's proposed order and executed that order on October 2, 1998.

## ISSUES AND STANDARD OF REVIEW

¶ 5 Although a trial court has broad discretion to deny a motion for new trial, *see Crookston v. Fire Ins. Exch.,* 860 P.2d 937, 940 (Utah 1993), where that denial is based on questions of law, we review the trial court's decision for correctness. *Id.; see also State v. Bakalov,* 979 P.2d 799, 811 (Utah 1999). This appeal presents two is-

sues. The first issue is whether Rule 24 of the Utah Rules of Civil Procedure mandates that a non-party file a motion to intervene in order to become a party to an action. The proper interpretation of a rule of procedure is a question of law, and we review the trial court's decision for correctness. *See Rushton v. Salt Lake County,* 977 P.2d 1201, 1203 (Utah 1999). The second issue is whether Ostler waived any objection to Kunkel's participation in this case by failing to respond to either of Kunkel's motions. "Whether the trial court employed the proper standards [in determining waiver] presents a legal question which is reviewed for correctness." *Chandler v. Blue Cross Blue Shield,* 833 P.2d 356, 360 (Utah 1992).

## ANALYSIS

¶ 6 Ostler argues that the trial court improperly denied his motion for new trial on the issue of Kunkel's intervention where Kunkel made no application to intervene as required under Rule 24 of the Utah Rules of Civil Procedure, and Kunkel's motions were made after judgment had been entered in the underlying action. Kunkel argues that this court should affirm the trial court's order because Ostler waived any objections to Kunkel's informal intervention by failing to respond to Kunkel's two motions.

*1. Rule 24 of the Utah Rules of Civil Procedure*

¶ 7 Rule 24 of the Utah Rules of Civil Procedure provides:

(a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or

---

1. Section 78–51–41 of the Utah Code provides that, in any court action in which an attorney represents a client, that attorney has a lien upon that client's cause of action "which attaches to any settlement, verdict, report, decision, or judgment in the client's favor and to the proceeds thereof." Utah Code Ann. § 78–51–41 (1996).

2. Heward later withdrew his notice of objection because "said objection may have been rendered moot when the proposed Order was signed."

impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motions shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

Rule 24(c) plainly sets forth the procedure to be followed by a non-party's wish to intervene: the non-party *shall* serve a motion upon the real parties, the motion *shall* state the grounds for intervention—i.e., the way in which the non-party meets the requirements of Rule 24(a) or (b)—and the motion *shall* be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Kunkel has presented no reason why this court should not interpret the rule's use of "shall" as mandatory. *See, e.g., Landes v. Capital City Bank*, 795 P.2d 1127, 1131 (Utah 1990) (interpreting "shall" in joinder rule as mandatory); *Board of Educ. of Granite Sch. Dist. v. Salt Lake County*, 659 P.2d 1030, 1035 (Utah 1983) (noting that word "shall" is "usually presumed mandatory," requiring the person "to comply strictly with the terms of the statutes" or rules). However, we have also held that parties to an action may waive these requirements. *See Utah Ass'n of Counties v. Tax Comm'n*, 895 P.2d 819, 820 (Utah 1995) (hereafter *Utah Ass'n of Counties I* ) (finding de facto intervention where parties did not object to non-party's consistent participation in action). We therefore conclude that, absent waiver by the parties, non-parties must adhere to the procedural requirements of Rule 24(c) in order to intervene in an action. In this case, Kunkel filed no motion under Rule

24(c). Thus, unless Ostler waived his objection to Kunkel's informal intervention, Kunkel's failure to file a motion under Rule 24(c) means that Kunkel was not a party when he filed his motions. Ostler would therefore have no duty to respond to Kunkel's motions, and the trial court would lack jurisdiction to order distribution to Kunkel. *See Openshaw v. Openshaw*, 80 Utah 9, 12, 12 P.2d 364, 365 (1932) ("A decree in favor of a person who is not a party to the action or proceeding is void because the court has no jurisdiction to make it.").

*2. Waiver*

¶ 8 In support of his assertion that Ostler has waived his objection to Kunkel's intervention, Kunkel cites to *Utah Ass'n of Counties v. Tax Commission II*, 895 P.2d 825 (Utah 1995) (hereafter *Utah Ass'n of Counties II* ), *Utah Ass'n of Counties v. Tax Commission I*, 895 P.2d 819 (Utah 1995), *Public Serv. Co. v. Blue River Irrigation Co.*, 753 P.2d 737 (Colo.1988), *Schulz, Davis & Warren v. Marinkovich*, 203 Mont. 12, 661 P.2d 5 (1983), and several other cases in which courts have found waiver of the right to object to the informal intervention of a non-party. However, in each of these cases the parties to the action implicitly allowed the non-party to intervene not only by failing to object to the non-party's presence but also by failing to object to the non-party's actual participation in the underlying action. Thus, in both *Utah Ass'n of Counties* cases, this court noted that, although "it is unclear whether UAC properly intervened in the hearing[,] ... its counsel ... actively participated throughout the entire hearing" and "[a]t no time did the [Tax] Commission or [any other party] object to UAC's participation. We therefore find that the Commission has waived its right to challenge UAC's participation in this review. UAC adequately intervened in the hearing below on a de facto basis." *Utah Ass'n of Counties II*, 895 P.2d at 827; *see also Utah Ass'n of Counties I*, 895 P.2d at 820. In reaching that conclusion, we cited *Schulz, Davis & Warren*, 661 P.2d at 8, in which the non-party filed a complaint jointly with his wife, who was a proper party to the action. In responding to

the complaint, neither of the other original parties objected to the non-party's participation, objecting only at "the moment of the opening of trial." *Id.* at 7–8: The court held that, where the non-party "could intervene as a matter of right[,] ... [t]he failure to raise [an] objection to [his] presence *until the moment of trial* amounts to a waiver of any objections to his intervention." *Id.* at 8 (emphasis added); *see also Public Serv. Co.*, 753 P.2d at 740–41; *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 294–95 (2d Cir.1979); *In re Beef Indus. Antitrust Litg.*, 589 F.2d 786, 788–89 & n. 2 (5th Cir.1979).

■ ¶ 9 In this case, the underlying action was an employment dispute between Ostler and his former employer. Except for his interest in being paid for his work representing Ostler, Kunkel had no stake in the dispute. Kunkel made no motion on his own behalf until after Ostler's claim had been settled and the trial court had dismissed Ostler's action with prejudice. This is not a case where a non-party has participated in the underlying action and the original parties have impliedly acquiesced. Kunkel's motions were post-judgment motions that in no way affected the merits of the underlying action, its settlement, or its subsequent dismissal. In essence, the case between the parties had ended before Kunkel attempted to intervene. Under such circumstances, we can see no reason to require a party to respond to a non-party's post-judgment motions at the risk of having those non-parties treated as proper interveners.[3] We therefore hold that Ostler's failure to respond to Kunkel's post-judgment motions did not constitute a waiver of his right to object to the trial court's attorney fees order.[4] Kunkel was not a party, and the trial court lacked jurisdiction to

order distribution of settlement proceeds to him. We reverse and remand for entry of an order consistent with this opinion.

¶ 10 Justice STEWART and Justice ZIMMERMAN concur in Associate Chief Justice DURHAM's opinion.

RUSSON, Justice, concurring:

¶ 11 I agree that the district court had no jurisdiction to issue an award to Kunkel. I write separately to briefly note that our opinion today should not be construed as affecting the status or validity of the underlying lien upon which Kunkel asserts a right to recover his fees.

¶ 12 Chief Justice HOWE concurs in Justice RUSSON's concurring opinion.

---

3. The general rule is that "intervention is not to be permitted after entry of judgment." *Jenner v. Real Estate Servs.*, 659 P.2d 1072, 1074 (Utah 1983). This rule is consistent with our instruction to attorneys concerning charging liens that "in the absence of special circumstances requiring a contrary holding to prevent injustice, ... counsel [should] bring a separate action against his client to determine the amount of his fee and to foreclose his charging lien if any he has." *Midvale Motors, Inc. v. Saunders*, 21 Utah 2d 181, 184, 442 P.2d 938, 941 (Utah 1968).

4. Kunkel also asserts the general principle that "[t]o preserve a substantive issue for appeal, a party must first raise the issue before the trial court" so that the trial court has an opportunity to rule on the issue. *See, e.g., Hart v. Salt Lake County Comm'n*, 945 P.2d 125, 129 (Utah Ct.App. 1997). We conclude that this principle does not apply to post-judgment motions by non-parties who have not applied for intervention under Rule 24.