2011 UT 12

**STATE of Utah, Plaintiff and Appellee,**

v.

**Mauricio SOSA, Defendant and Appellant.**

No. 20091033.

Supreme Court of Utah.

March 1, 2011.

Mark L. Shurtleff, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen., Joseph S. Hill, Salt Lake City, for plaintiff.

Clay A. Alger, Salt Lake City, for defendant.

Justice LEE, opinion of the Court:

¶ 1 On August 11, 2008, Judge Mark Kouris, acting as magistrate, issued a warrant authorizing a search of Mauricio Sosa's residence. Sandy City Police searched Sosa's residence on August 14, 2008, and arrested him based on evidence obtained during the search. Sosa argues that the search warrant was flawed because the magistrate, after signing the warrant, returned the only copies of the original warrant and associated documents to the warrant-seeking police officer and instructed him to file the documents with

the clerk's office. This was a violation of Rule 40(i)(1) of the Utah Rules of Criminal Procedure, which requires a magistrate, "[a]t the time of issuance" of a search warrant, to "retain and seal a copy of the search warrant, the application and all affidavits or other recorded testimony on which the warrant is based." The rule further requires the magistrate to file, "within a reasonable time," the "sealed documents in court files which are secured against access by the public."

¶ 2 Sosa filed a motion to suppress in the district court. The court held that the magistrate complied with the retention requirements of Rule 40(i)(1) because the officer was "acting as [the magistrate's] agent" when he carried the warrant materials to the clerk's office. Sosa filed this appeal. On appeal, Sosa does not challenge the validity of the search warrant itself. Nor does he allege that the magistrate's error adversely affected his substantial rights or that the officer did anything inappropriate. He nevertheless argues that the magistrate's error requires suppression of the evidence seized by the police.

¶ 3 On appeal, we review the trial court's interpretation of Rule 40 for correctness. *Cf. Ostler v. Buhler*, 1999 UT 99, ¶ 5, 989 P.2d 1073. Given the context in which Rule 40(i)(1) arose, we cannot sanction the district court's officer-as-agent rationale. The rule was crafted following our decision in *Anderson v. Taylor*, 2006 UT 79, 149 P.3d 352, in which we raised concerns about law enforcement officers retaining control over a warrant and supporting documentation. Law enforcement officers certainly do serve as agents or officers of the court under some circumstances. But in *Anderson* we were concerned with law enforcement having independent custody of warrants and supporting documentation, "leav[ing] the court without any record of the [warrant] or the materials supporting its issuance" and "allow[ing] for the possibility that affidavits and other court records may be mishandled or even altered without detection." *Id.* ¶ 22. To allow law enforcement officers to substitute for magistrates in their responsibility under Rule 40(i)(1) to retain and file warrant materials would undermine the animating rationale for our holding in *Anderson*.

¶ 4 Sosa's appeal fails, however, in light of our decision on a similar issue in *State v. Dominguez*, 2011 UT 11, 248 P.3d 473. In *Dominguez* we held that "[i]n the absence of any contention that the magistrate's [Rule 40(i)(1) ] error in any way infringed upon [the defendant's] substantial rights, we are obliged to disregard the error" as harmless under Rule 30 of the Utah Rules of Criminal Procedure. *Id.* ¶ 30 (internal quotation marks omitted). Rule 30 dictates that "[a]ny error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded." Because Sosa has not demonstrated (or even alleged) that his substantial rights were adversely affected by the magistrate's error, we uphold the ruling of the district court that suppression is not required.

¶ 5 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice LEE's opinion.