VOROS, Judge
(dissenting):
1 23 I would dismiss this appeal for lack of Jurisdiction on the ground that Argenziano-referred to in the majority opinion as "Inter-venor"-lacks standing to appeal.
124 "'[Sltanding is a jurisdictional requirement that must be satisfied before a court may entertain a controversy between two parties." Jones v. Barlow, 2007 UT 20, ¶ 12, 154 P.3d 808 (alteration in original) (quoting Washington County Water Conservancy Dist. v. Morgan, 2003 UT 58, ¶ 6 n. 2, 82 P.3d 1125). The party invoking jurisdiction bears the burden of establishing standing. See Brown v. Division of Water Rights of Dep't of Natural Res., 2010 UT 14, ¶ 14, 228 P.3d 747.
T 25 The question here is not whether Ar-genziano had standing to intervene in the trial court, but whether he has standing to challenge the judgment of the trial court on appeal. "'On appeal, a party whose standing is challenged must show that he or she had standing under the traditional test in the original proceeding before the district court. In addition, an appellant generally must show both that he or she was a party or privy to the action below and that he or she is aggrieved by that court's judgment.'" Chen v. Stewart, 2005 UT 68, ¶ 50, 128 P.3d 416 (emphasis added) (quoting Society of Professional Journalists v. Bullock, 743 P.2d 1166, 1171 (Utah 1987)).
126 Argenziano cannot credibly claim to have been "a party or privy to the action below." See Chen, 2005 UT 68, ¶ 50, 123 P.3d 416. Argenziano's role in trial court proceedings was negligible, and related principally to whether he would participate in the proceedings. He was served with an Order of Joinder in December 2007. He swiftly moved to vacate the order joining him in the action; four months later, the court granted *820 his motion. The divorcee case accordingly proceeded without his involvement. Nearly three years later, dissatisfied with the direction the separate paternity case was heading, Argenziano filed a motion to intervene in this case. Two months later, in April 2011, the trial court entered a final decree of divoree. One month to the day after that, the court granted Argenziano's motion to intervene. He filed a Notice of Appeal the same day.
{27 Although this is Argenziano's appeal, he does not appeal either order relating to him-the order granting his motion to vacate the Order of Joinder or the later order granting his motion to intervene. Instead, he challenges orders of the court entered during the period when Argenziano, at his own insistence, was not a party to the action. Having absented himself from the proceedings below, but dissatisfied with their outcome, he seeks to challenge that outcome on appeal. This case is thus both procedurally and substantively unlike Pearson v. Pearson, 2008 UT 24, 182 P.3d 353, where the supreme court reviewed a trial court's order allowing a biological father to intervene in a divorcee proceeding to challenge the husband's presumption of paternity.
1128 This case is more like In re Adoption of M.J.B., 2011 UT App 50 (mem.), 248 P.3d 1039. There, we held that a biological father who was not a party to the adoption proceeding below and did not attempt to intervene before filing his notice of appeal lacked standing to bring an appeal. See id. § 4. Our holding was based on the rule that an " 'appellant generally must show both that he or she was a party or privy to the action below and that he or she is aggrieved by that court's judgment." " Id. (emphasis in original) (quoting Chen, 2005 UT 68, ¶ 50, 123 P.3d 416).
129 Because Argenziano extricated himself from the proceedings he now seeks to challenge on appeal and was granted interve-nor status only after final judgment had been entered and the dispute ended, he lacks standing to challenge the final judgment. See Ostler v. Buhler, 1999 UT 99, ¶ 9 n. 3, 989 P.2d 1073 ("The general rule is that intervention is not to be permitted after entry of judgment." (citation and internal quotation marks omitted)). Cf. Wright v. Brown, 574 P2d 1154, 1155 (Utah 1978) (holding that an entity that had been "dismissed out on its own motion" lacked standing to appeal a default judgment because it was "no longer a party to the action" when the judgment was entered).
Furthermore, Argenziano fails to show that he "is aggrieved by [the lower] court's judgment." See Chen, 2005 UT 68, ¶ 50, 128 P.3d 416. An appellant must show that he "has actually been aggrieved" by the judgment, not that the judgment opens the door to the "future possibility" of injury. See id. 154; see also In re Deseret Mortuary Co., 78 Utah 393, 3 P.2d 267, 270 (1931). Argenziano is not a man whose paternity "is to be adjudicated" or was adjudicated below. See Utah Code Ann. § 78B-15-602(8) (Lexis-Nexis 2008).[1] The judgment appealed from ruled that Husband was not the father of the child, but it did not rule that Argenziano or any other man was. Although the genetic test results that excluded Husband also identified Argenziano as the child's father, the court made no finding on that issue. Indeed, the final order from which Argenziano appeals does not even mention him.
{ 31 "Every parent has the duty to support the children he has brought into the world." Gulley v. Gulley, 570 P.2d 127, 128-29 (Utah 1977). See also Utah Code Ann. § 78B-12-105(1) (2008) ("Every mother and father shall support their children."). Argenziano is apparently the father of this child. Reinstatement of the original divorce decree that Husband is the child's father would doubtless, as a practical matter, incidentally benefit Ar-genziano's quest to evade his duty of support. But incidental benefit is not the test for *821 appellate standing.[2]
{32 "[The initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction. When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action." Varian-Eimac, Inc. v. Lamoreaux, 767 P.2d 569, 570 (Utah Ct.App.1989). That is the case here. Consequently, I would dismiss the appeal.[3]

. Section 78B-15-602 of the Utah Uniform Parentage Act provides that "a man whose paternity of the child is to be adjudicated" has standing to maintain a proceeding to adjudicate parentage. Utah Code Ann. § 78B-15-602(3) (2008). Section 78B-15-603 of the Act also includes "a man whose paternity of the child is to be adjudicated" among those persons who "shall be joined as parties in a proceeding to adjudicate parentage." Id. § 78B-15-603(2).

. Argenziano also argues that he had standing to intervene in the trial court under statute and the common law. Because Argenziano clearly lacks two of the three elements identified in Chen for standing to appeal, see Chen, 2005 UT 68, ¶ 50, 123 P.3d 416, I would leave for another day the more difficult questions of whether a putative father may intervene in a divorce proceeding to enforce the presumption of paternity and, if so, whether and how the intervenor must establish standing to intervene. See generally Pearson v. Pearson, 2008 UT 24, ¶¶ 11-26, 182 P.3d 353 (discussing the standing requirements for an in-tervenor to challenge the presumption of paternity in a divorce proceeding); Joan Steinman, /- regulars: The Appellate Rights of Persons Who Are Not Full-Fledged Parties, 39 Ga. L.Rev. 411, 423-52 (2005) (discussing the relationship between standing and intervention at both the trial and appellate level and the disagreement among the federal courts over the requirements of standing to intervene}.

. The fact that Argenziano loses whether we affirm or dismiss makes this opinion feel more like a concurrence than a dissent. But affirming requires jurisdiction, which, in my judgment, we lack. Therefore I dissent from the order of this court affirming the trial court's judgment.