*This opinion is subject to revision before final publication in the Pacific Reporter.*

**2017 UT 57**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

THOMAS D. BOYLE,
*Respondent,*

*v.*

CLYDE SNOW & SESSIONS, *P.C.,*
*Petitioner.*

No. 20160621-SC

Filed August 29, 2017

On Certiorari to the Utah Court of Appeals

Attorneys:

Jeffrey S. Williams, Salt Lake City, for petitioner

Thomas D. Boyle, Fruit Heights, Scott R. Hoyt, Salt Lake City, for respondent

Third District, Salt Lake
The Honorable James D. Gardner
No. 090400630

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE HIMONAS, and JUSTICE PEARCE joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1 This case was filed and litigated for years as a wrongful death action. It has now devolved to a dispute over attorney fees. The fee dispute is between Thomas Boyle, who represented the plaintiff in the wrongful death action, and the law firms with

which he was affiliated (Clyde Snow & Sessions, P.C. and later Prince Yeates & Geldzahler, P.C.).

¶2    The wrongful death action settled after six years of litigation. And in the wake of the settlement—but prior to dismissal or final judgment—one of the law firms (Clyde Snow) asserted a lien against a portion of the settlement funds based on its claim for attorney fees. The procedural and substantive propriety of the Clyde Snow claim was litigated over the course of about a year in the district court. Ultimately, the district court upheld the viability of that claim and entered an order awarding a portion of the settlement funds as fees to Clyde Snow.

¶3    The court of appeals reversed that order on appeal. It concluded that Clyde Snow had failed to intervene in the manner required by law, that the parties had not waived any objection to the defects in intervention, and thus that the district court lacked jurisdiction to award attorney fees to Clyde Snow.

¶4    We reverse. Like the district court, we conclude that Boyle waived any objection to procedural deficiencies in Clyde Snow's intervention. Boyle effectively acquiesced in the litigation over fees and even advanced his own competing claim to fees. And we hold that in these circumstances any objection to the procedural deficiencies in Clyde Snow's intervention was waived by Mr. Boyle.

I

¶5    The underlying wrongful death action began in 2007 when the plaintiff retained Clyde Snow. Thomas Boyle was the lead attorney in the wrongful death action between 2007 and 2010. In June 2010, Boyle left Clyde Snow and joined Prince Yeates. And the plaintiff elected to have the claim follow Boyle to Prince Yeates. On July 7, 2010, Clyde Snow filed a notice of lien relating to its representation of plaintiff until June 2010.

¶6    Three years later, on June 28, 2013 the parties to the underlying dispute filed a motion to dismiss the case with prejudice in light of a settlement. That same day, Clyde Snow filed an objection to dismissal and restated its notice of lien.

¶7 On July 15, 2013 the district court held a telephonic hearing on the motion to dismiss and Clyde Snow's objection. At the hearing the defendants in the underlying action opposed deciding the attorney lien issue in the same action. In their view the attorney lien should be the subject of a separate lawsuit. Boyle, however, did not oppose deciding the attorney lien issue in the underlying action. And the district court concluded that it would dismiss the underlying claims with prejudice but retain jurisdiction to decide the attorney lien action.

¶8 The district court ordered the parties to mediate the attorney lien issue, so the parties filed position statements and participated in mediation between August 2013 and January 2014. On January 27, the parties filed a notice that the mediation had been unsuccessful. And on January 30 Prince Yeates filed a motion to interplead the disputed settlement funds and sought to be dismissed from the attorney lien action. While Boyle objected to the amount to be interpleaded, he did not otherwise object to interpleading the funds. And on March 27, 2014, the court granted the motion to interplead funds and determined that Prince Yeates had no further liability to any of the parties claiming an interest in the disputed funds.

¶9 Clyde Snow then filed a complaint, asserting a right to foreclose on its attorney lien against the interpleaded funds. Two weeks later, Boyle filed a motion to dismiss, asserting that Clyde Snow had failed to properly intervene under Utah Rule of Civil Procedure 24. Boyle also answered the complaint and counterclaimed against Clyde Snow. Clyde Snow responded with its own motion to dismiss Boyle's counterclaims.

¶10 The district court held a hearing on the two motions to dismiss. The court denied Boyle's motion to dismiss on the ground that Boyle had waived his right to object to the propriety of intervention based on his concessions at the hearing, the untimeliness of his motion, and his conduct in litigating his interest in the disputed settlement funds. The parties then proceeded to litigate the attorney lien claim. The district court ultimately awarded the interpleaded funds to Clyde Snow. Boyle appealed.

¶11  On appeal the court of appeals reversed the district court's determination that the rule 24 intervention issue had been waived. The court held that the defendants in the underlying action had properly preserved an objection to intervention. And the court held that neither Boyle nor Clyde Snow had timely intervened or complied with rule 24. Because none of the parties on appeal had ever properly become parties, the court of appeals held that the district court lacked jurisdiction to decide any of the issues relating to the attorney lien or interpleader. Accordingly, the court reversed the district court, noting that it may be possible for Clyde Snow to pursue its attorney lien claim in a separate proceeding. Clyde Snow petitioned for a writ of certiorari. We granted the petition.

¶12 We review the court of appeals' opinion for correctness. *State v. Verde*, 2012 UT 60, ¶ 13, 296 P.3d 673, *abrogated on other grounds by State v. Thornton*, 2017 UT 9, 391 P.3d 1016. Yet we note that the "correctness of the court of appeals' decision turns, in part, on whether it accurately reviewed the [district] court's decision under the appropriate standard of review." *Id.* (internal quotation marks omitted) (quoting *State v. Levin*, 2006 UT 50, ¶ 15, 144 P.3d 1096).

II

¶13  We assume (without resolving) the correctness of the court of appeals' determination that Clyde Snow failed to file a proper, timely motion to intervene in the district court. Yet we reverse because we disagree with its disposition of the waiver question. We conclude that Boyle waived any objection to the propriety of Clyde Snow's intervention by essentially acquiescing in the litigation over the merits of the firm's fee claim and by actively advancing his own competing claim to an award of fees.

¶14 The court of appeals found fault in the district court's decision to "allow[] Clyde Snow to derail resolution of the case by objecting to the parties' stipulated agreement to dismiss" the underlying wrongful death action. *Boyle v. Clyde Snow & Sessions PC*, 2016 UT App 114, ¶ 22, 378 P.3d 98. It objected to the lower court's reference to "Clyde Snow and Boyle as parties even though neither had intervened as a party in this case." *Id*. And

although it acknowledged that "the actual parties did not reply when the court asked if anyone strongly objected to Clyde Snow's participation," it nonetheless declined to find waiver because it thought that "any further objections from the defendants would have been futile." *Id*.

¶15 The notion of futility of "further objections" is an apparent reference to issues that arose in the July 2013 telephonic hearing on the motion to dismiss the case in light of the parties' settlement of the underlying wrongful death action. At that time Clyde Snow stated its intent to assert a lien for attorney fees and to litigate its fee claim in the pending case. Defense counsel responded by raising the concern that further publicity about an ongoing, pending action could be detrimental to the defendants. Defense counsel's view was that it would be "more expedient" and "a lot fairer to the defendants to dismiss this action [and] to close out this case"—and let the "Clyde Snow law firm file [a separate] action [for fees] without involving" the wrongful death defendants, "which otherwise are going to continue to be at least peripherally involved in this matter." The district court then proposed "to enter an order dismissing all claims" against the wrongful death defendants "with prejudice," while "simply leaving open the issue of the attorney's lien." And when the court asked whether that would get the wrongful death defendants "what [they] needed," defense counsel responded with "I think so" and the caveat that "it would be cleaner the other way."

¶16 This may well have been enough to preserve an objection to Clyde Snow's intervention *by the wrongful death defendants*. In this context, moreover, we can understand the court of appeals' conclusion that "any further objections *from the defendants* would have been futile." *Boyle*, 2016 UT App 114, ¶ 22 (emphasis added). But that only means that the wrongful death defendants preserved the right to challenge Clyde Snow's intervention on appeal. And that is beside the point because the wrongful death defendants accepted Clyde Snow's intervention and accepted the judgment before us in these proceedings. They never filed any appeal.

¶17 The only appellant in these proceedings is Mr. Boyle. So the question is not whether "the actual parties" to the wrongful death action preserved an objection to Clyde Snow's intervention—that objection was waived when those parties failed to file an appeal. The question is whether Boyle (the appellant) preserved an objection. And with that clarification, we think it clear that the propriety of Clyde Snow's intervention was waived in the district court and not properly preserved for appeal.

¶18 Boyle waived any objection to the procedural correctness of Clyde Snow's intervention in the wrongful death case. He did so (a) by acquiescing in Clyde Snow's assertion of a lien and right to recover fees from the proceeds of the settlement; and (b) by asserting *his own* right to recover fees from those proceeds. In the initial telephonic hearing, Boyle, unlike the underlying defendants, did not object to Clyde Snow's request that the attorney lien claim be decided in the pending action. Following the hearing, Boyle participated in the court-ordered mediation. And when mediation failed, Boyle agreed in principle that the disputed funds should be interpleaded in the pending action, disputing only the amount that should be deposited.

¶19 This is more than enough to amount to waiver of Boyle's objection to the court's decision to leave the wrongful death case "open for the sole and limited purpose of determining Clyde Snow's attorney's fees lien." Boyle not only acquiesced in Clyde Snow's attempts to recover fees from the settlement proceeds, he even asserted his own right to fees. And given that background, it could hardly have come as a surprise to Boyle for the district judge to state—as he did in the June 10, 2014 hearing—that Boyle's acts over "nine months" seemed clearly to amount to waiver or acquiescence.

¶20 In fact this did not seem to come as a surprise to Boyle. At that hearing Boyle conceded that he did not have a "solid answer" to the judge's pushback and acknowledged that if he "were in [the court's] position," he "would probably agree" that there was a waiver.

¶21 We likewise agree. We find ample grounds for the district court's determination of waiver of any objection by Boyle to Clyde Snow's intervention in this wrongful death action. And we accordingly reverse the court of appeals without reaching the question of the procedural correctness of Clyde Snow's intervention.[1]

### III

¶22 We reverse the court of appeals on the ground that Mr. Boyle waived any objection to Clyde Snow's intervention in this case. That conclusion requires a remand to the court of appeals—to give the court an opportunity to reach questions it did not reach previously (going to the merits of Boyle's challenge to the district court's decision, for example).

---

[1] Our holding also steers us clear of a further question decided by the court of appeals—that the wrongful death defendants' actions do not amount to waiver under the standards set forth in our decision in *Ostler v. Buhler*, 1999 UT 99, 989 P.2d 1073. We do not reach that question because we conclude that the waiver at issue is that of Boyle, not of the wrongful death defendants. And that observation also avoids a responsive point advanced by Clyde Snow in its briefing—that the standards set forth in *Ostler* have been overtaken by statute. *Compare Ostler*, 1999 UT 99, ¶ 9 n.3 (noting the prevailing rule that attorney liens must be raised in a separate proceeding absent "special circumstances" (quoting *Midvale Motors, Inc. v. Saunders*, 442 P.2d 938, 941 (Utah 1968))), *with* UTAH CODE § 38-2-7(4)(a) (affording an attorney the right to "enforce a lien under this section by . . . moving to intervene in a pending legal action").