2023 UT App 91

## THE UTAH COURT OF APPEALS

MICHAEL J. VAN LEEUWEN,
Appellant,
*v.*
BANA RESI-NON-CORE,
Appellee.

Opinion
No. 20210409-CA
Filed August 17, 2023

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 180902764

Stephanie L. O'Brien, Attorney for Appellant

Robert H. Scott and Chandler P. Thompson,
Attorneys for Appellee

JUDGE AMY J. OLIVER authored this Opinion, in which
JUDGES RYAN M. HARRIS and RYAN D. TENNEY concurred.

OLIVER, Judge:

¶1      This case is the latest in a string of lawsuits filed by Michael J. Van Leeuwen in his efforts to prevent foreclosure on his home. In this lawsuit, Van Leeuwen sued "BANA RESI-NON-CORE," which turned out to be an internal asset designation for the mortgage owned and held by Bank of America, N.A. (Bank of America). Attorneys for Bank of America filed a notice of appearance and later moved for summary judgment on behalf of Bank of America. Van Leeuwen moved to strike the summary judgment motion because Bank of America was not a party to the litigation. The district court denied the motion to strike and granted Bank of America's motion for summary judgment. But because Bank of America was not named as a defendant and was never made a party in the case, we reverse.

BACKGROUND

¶2    In 2005, Van Leeuwen borrowed $2,925,000 via a promissory note (Note) secured by a deed of trust (Deed) against a residential property. Relevant to this appeal, the Note contained an acceleration clause that states:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount.

¶3    Van Leeuwen stopped making payments in April 2007. As a result, in July 2007, the then-servicer of the Note sent Van Leeuwen a letter indicating that unless the default was cured by August 16, 2007, (1) the mortgage payments would be accelerated and (2) "foreclosure proceedings [would] be initiated."

¶4    Following his default and receipt of the notice regarding the acceleration of payments and possibility of foreclosure, Van Leeuwen attempted to discover the "real party in interest" and owner of the Note by initiating several different court cases. In 2017, a declaration (2017 Declaration) was filed in another case that Van Leeuwen initiated, stating, among other things, Bank of America "services the Loan on behalf of BANA RESI-NON-CORE. BANA RESI-NON-CORE is the current investor in the Loan and has been the investor since April 15, 2016." The 2017 Declaration also indicated that "the original [Note] is [i]ndorsed in blank and is in the possession of [Bank of America]."

¶5    Van Leeuwen then commenced the current action in April 2018 against BANA RESI-NON-CORE, serving the complaint on "BANA RESI-NON-CORE c/o Bank of America, N.A." In his complaint, Van Leeuwen asserted, among other things, that BANA RESI-NON-CORE's interest in collecting payments on the

Note was no longer enforceable under Utah law because the statute of limitations on the ability to collect on the Note or foreclose on the property had since run.

¶6 In May 2018, a motion to dismiss was filed by BANA RESI-NON-CORE but was signed by attorneys who identified themselves as "Attorneys for Defendant Bank of America, N.A." The motion was captioned: "BANA RESI-NON-CORE'S MOTION TO DISMISS COMPLAINT," and the first sentence of the filing stated "defendant BANA RESI-NON-CORE (BANA) moves to dismiss" Van Leeuwen's complaint. In July 2018, the same attorneys filed another motion captioned: "BANA RESI-NON-CORE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT," and the first sentence of the filing stated "defendant BANA RESI-NON-CORE (BANA) moves to dismiss" Van Leeuwen's first amended complaint. In his response to this second motion to dismiss, Van Leeuwen stated in a footnote, "BANA Resi-Non-Core is a separate entity from Bank of America, N.A. Van Leeuwen questions why attorneys who are purporting to represent Bank of America N.A. are making arguments on behalf of BANA Resi-Non-Core." In March 2019, the district court denied the motion to dismiss.

¶7 In January 2020, Bank of America's attorneys filed a declaration from an assistant vice president for Bank of America, stating that "[t]he subject loan is part of a synthetic trust where Bank of America is [the] investor and servicer" and that "BANA RESI NON-CORE is an asset header for internal reporting. The loan is owned and serviced by Bank of America, N.A."

¶8 In July 2020, Bank of America's attorneys filed a motion for summary judgment with the caption "BANK OF AMERICA, N.A.'S MOTION FOR SUMMARY JUDGMENT." The attorneys were listed as "Attorneys for Defendant Bank of America, N.A.," and the first sentence of the filing listed "defendant BANA RESI-NON-CORE (BANA)" as the entity moving for summary judgment.

¶9 Van Leeuwen filed a memorandum in opposition to the motion for summary judgment, characterizing Bank of America as a "non-defendant" and asserting that Bank of America's motion was "not well-taken" because it was "brought by an improper party" that had "no standing to do so." Van Leeuwen also filed his own motion for summary judgment, arguing, among other things, that a default judgment should be entered because BANA RESI-NON-CORE had failed to resolve the question of who Van Leeuwen should be pursuing in his causes of action and was not currently represented by an attorney. Again, in a footnote, Van Leeuwen stated,

> Based on the [2017 Declaration], . . . BANA Resi-Non-Core is a separate entity from Bank of America, N.A. Plaintiff has always questioned why attorneys who represent Bank of America, N.A. are making arguments on behalf of BANA Resi-Non-Core without representing them . . . .

¶10 In a reply supporting the motion for summary judgment, the attorneys identified themselves for the first time as "Attorneys for Defendant Bank of America, N.A., erroneously sued as BANA RESI-NON-CORE." In response to Van Leeuwen's contention that Bank of America was a non-defendant, Bank of America indicated that "BANA RESI-NON-CORE is simply an asset designation for [Bank of America]'s internal tracking purposes" and asserted that Bank of America was the "*only* named defendant" even though "Van Leeuwen now claims that [Bank of America] is actually not a party, and therefore cannot move for summary judgment."

¶11 Van Leeuwen then moved to strike Bank of America's motion for summary judgment on the ground that Bank of America was not a party to the case. Van Leeuwen argued Bank of America did not have standing under rule 17 of the Utah Rules of Civil Procedure because he "did not initiate this action against [Bank of America] and [Bank of America] has never filed a motion

to intervene in this case pursuant to Rule 24" of the Utah Rules of Civil Procedure. Van Leeuwen also filed an objection to a hearing on Bank of America's motion for summary judgment, arguing that the district court did not have jurisdiction over the matter because Bank of America was not a named party to the action.

¶12    In response, Bank of America asserted that Van Leeuwen was attempting "to create confusion over who is entitled to enforce the loan at issue" when there was no confusion. Bank of America explained the following: (1) Bank of America owns and services Van Leeuwen's loan "under the asset header BANA RESI-NON-CORE ('BANA')"; (2) Van Leeuwen served the "complaint on BANA RESI-NON-CORE c/o Bank of America, N.A. at Bank of America, N.A.'s address"; and (3) no material distinction exists "between Bank of America, N.A. and BANA RESI-NON-CORE for purposes of this lawsuit." Bank of America argued that, in light of these facts, Van Leeuwen's arguments were without merit and "a distraction manufactured by Van Leeuwen."

¶13    The district court held a hearing on the competing motions for summary judgment, where it explained that "there are too many names being floated around by Bank of America for us to have any confidence to know . . . if we have the real party in interest in this proceeding, and if we can proceed." The district court requested that Bank of America produce the necessary documentation to provide clarity as to who held the Note and continued the matter to a later date pending receipt of those documents.

¶14    Bank of America attorneys filed a declaration from a vice president of Bank of America. The declaration stated the following: (1) "[Bank of America] is the owner and holder of the [N]ote," "indorsed in blank"; (2) "[Bank of America] had grouped Mr. Van Leeuwen's loan under the internal designation BANA RESI NON CORE"; (3) "BANA RESI NON CORE is not a separate entity from [Bank of America]. It is not a corporation, trust or

limited liability company. There is no trust agreement, operating agreement, or similar document establishing the existence of BANA RESI NON CORE. Instead, it is an internal asset designation that [Bank of America], as a loan servicer, treats, for its internal business tracking purposes, as if it were the investor in the loan it holds"; and (4) "[Bank of America] is a wholly-owned subsidiary of [Bank of America Corporation]." Attorneys for Bank of America also filed an additional declaration from "counsel to Bank of America, N.A. in this case" and included as an attached exhibit "a true and correct copy of the [Note] in the amount of $2,925,000.00 from Michael Van Leeuwen."

¶15 Following a hearing, the district court issued a written order granting Bank of America's motion for summary judgment and denying Van Leeuwen's motions to strike and for summary judgment. The district court ruled, among other things, that "[Bank of America] holds the [Note], which is indorsed in blank, and is entitled to enforce it, including through foreclosure under the [Deed]"; Van Leeuwen "sued BANA RESI NON CORE and effectuated service on 'BANA RESI NON CORE c/o Bank of America, N.A.'"; "[i]f ownership of the [Note] has changed" during the litigation, then "the case may proceed in the name of BANA RESI NON CORE" under rule 25(c) of the Utah Rules of Civil Procedure;[1] and that Van Leeuwen's reliance on rule 17 "is misplaced because that provision states 'Every action shall be *prosecuted* in the name of the real party in interest'" and Van Leeuwen "is the one prosecuting this action." The district court then entered the following judgment: "JUDGMENT is hereby

---

1. On appeal, neither party raises the potential applicability of rule 25(c) of the Utah Rules of Civil Procedure, so we do not address it. *See State v. Johnson*, 2017 UT 76, ¶ 16, 416 P.3d 443 ("When a party fails to raise and argue an issue on appeal, . . . that issue is waived and will typically not be addressed by the appellate court.").

entered for Bank of America, N.A., misnamed BANA RESI NONCORE, on all claims in this case."

ISSUES AND STANDARDS OF REVIEW

¶16 Van Leeuwen raises two issues on appeal. First, he contends the district court erred in granting summary judgment to Bank of America. "We review a district court's decision to grant summary judgment for correctness, granting no deference to the district court's conclusions." *Gillmor v. Summit County*, 2010 UT 69, ¶ 16, 246 P.3d 102 (cleaned up).

¶17 Second, Van Leeuwen contends the district court erred in denying his motion to strike Bank of America's motion for summary judgment. We review a district court's denial of a motion to strike for an abuse of discretion. *Salo v. Tyler*, 2018 UT 7, ¶ 19, 417 P.3d 581. "The district court abuses its discretion when its decision rests on an erroneous legal determination." *Maak v. IHC Health Services, Inc.*, 2016 UT App 73, ¶ 26, 372 P.3d 64.

ANALYSIS

¶18 Van Leeuwen argues that the district court's grant of summary judgment to Bank of America and denial of his motion to strike were not proper because Bank of America never intervened under rule 24 of the Utah Rules of Civil Procedure.[2] In response, Bank of America contends that this is simply a case of a misnomer that can be resolved under rule 15(c). When a plaintiff files suit against the incorrect defendant, the Utah Rules of Civil Procedure provide several ways to correct the error. We discuss

---

2. Van Leeuwen also challenges the judgment under rule 17 of the Utah Rules of Civil Procedure and the merits of the district court's grant of summary judgment to Bank of America. But because we reverse the grant of summary judgment for lack of jurisdiction, we do not reach these other issues.

the relevant rules and then consider whether the district court properly granted Bank of America's motion for summary judgment and denied Van Leeuwen's motion to strike Bank of America's motion for summary judgment.

## I. The Status of Bank of America

¶19    There is no dispute that Van Leeuwen did not name Bank of America as a defendant in this case, instead naming BANA RESI-NON-CORE. After examining the applicable rules of civil procedure, we conclude that Bank of America was not a party and never became a party to the litigation.

### A.    Rule 24 Intervention

¶20    We first address Van Leeuwen's argument that Bank of America was required to intervene under rule 24 of the Utah Rules of Civil Procedure. Rule 24 permits intervention of right in a lawsuit where anyone "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Utah R. Civ. P. 24(a)(2). This intervention must be made by "timely motion," the motion "must be served on the parties," and the motion "must state the grounds for intervention and set out the claim or defense for which intervention is sought." *Id*. R. 24(a), (c).

¶21    Van Leeuwen explains that he relied on the 2017 Declaration in deciding to initiate the action against BANA RESI-NON-CORE[3] and he further contends that he "did not waive Bank of America's need to comply with the requirements of Rule 24" in order for Bank of America to participate instead of or on

---

3. Van Leeuwen asserts that the 2017 Declaration identified BANA RESI-NON-CORE as a "New York Common Law Trust." From our review of the 2017 Declaration, no such statement was made.

behalf of BANA RESI-NON-CORE. Van Leeuwen argues that in light of this, "Bank of America was required under Utah law to comply with . . . Rule 24(c) in order to intervene in the District Court action." In response, Bank of America argues that "as [Bank of America] was the true defendant all along, there was no need for it to intervene." We agree with Van Leeuwen.

¶22    In *Ostler v. Buhler*, 1999 UT 99, 989 P.2d 1073, our supreme court explained that "[r]ule 24(c) plainly sets forth the procedure to be followed by a non-party's wish to intervene: the non-party *shall* serve a motion upon the real parties, the motion *shall* state the grounds for intervention—i.e. the way in which the non-party meets the requirements of Rule 24(a) or (b)—and the motion *shall* be accompanied by a pleading setting forth the claim or defense for which intervention is sought." *Id.* ¶ 7 (emphasis in original).

¶23    Our supreme court has, however, recognized that a lack of objection to a non-party's participation in litigation can constitute a waiver of the rule 24(c) intervention requirements.[4] *See Utah Ass'n of Counties v. Tax Comm'n ex rel. American Tel. & Tel. Co.*, 895 P.2d 819, 820 (Utah 1995) (explaining that when a non-party "actively participated throughout" a hearing without objection from the plaintiff, the plaintiff had "waived its right to challenge [the non-party's] participation" and that the non-party had "adequately intervened in the hearing below on a de facto basis"); *Boyle v. Clyde Snow & Sessions PC*, 2017 UT 57, ¶ 13, 423 P.3d 1163 (concluding that the appellant had "waived any objection to the propriety" of a non-party's informal "intervention by essentially acquiescing in the litigation over the merits of" the claims in the case).

---

4. Following oral argument, we asked the parties to provide supplemental briefing on the issue of waiver by inaction "to intervention of a non-party by its conduct in the litigation." We appreciate the parties' submissions and found the briefing helpful in resolving the issue.

¶24 Here, the facts show that Van Leeuwen did not acquiesce in, but objected to, Bank of America's participation as a non-party. In his response to Bank of America's motion to dismiss the amended complaint, Van Leeuwen highlighted—albeit in a footnote—that "BANA Resi-Non-Core is a separate entity from Bank of America N.A." and questioned why "attorneys who are purporting to represent Bank of America N.A. are making arguments on behalf of BANA Resi-Non-Core." Then in his motion to strike Bank of America's motion for summary judgment, Van Leeuwen argued that Bank of America was not a named defendant in the action nor did Bank of America ever "file[] a motion to intervene in this case pursuant to Rule 24 of the Utah [Rules of Civil Procedure]." Van Leeuwen also objected to the hearing on Bank of America's motion for summary judgment on the same grounds.

¶25 We are sufficiently convinced that Van Leeuwen did not waive his right to object to Bank of America participating in the litigation. Therefore, if Bank of America wished to participate, it needed to follow the appropriate procedures under rule 24 to become a named party in the case. *See Ostler*, 1999 UT 99, ¶ 7 (holding that "absent waiver by the parties, non-parties must adhere to the procedural requirements of Rule 24(c) in order to intervene in an action"). But Bank of America failed to do so and thus did not become a party to the lawsuit through intervention.

B.   Rule 15(c) Amendment

¶26 We next address Bank of America's rule 15(c) argument. Rule 15 permits a plaintiff to amend a complaint once as a matter of course within certain time constraints and subsequently with the court's permission or the opposing party's consent. *See* Utah R. Civ. P. 15(a). In the event a plaintiff wishes to add, substitute, or "change[] the name of the party against whom a claim is asserted," rule 15 also allows the plaintiff to make such an amendment if (1) the "amendment asserts a claim" that relates to the conduct outlined in the original pleading and (2) the "party to

be brought in by amendment" had appropriate notice to avoid prejudice "in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* R. 15(c)(3)(A), (B).

¶27     In response to Van Leeuwen's arguments, Bank of America argues that this is simply a misnomer matter and that "BANA RESI-NON-CORE" can be corrected to the right party name under rule 15(c). While we agree with Bank of America that a misnomer may be corrected pursuant to rule 15, the argument has no practical effect in this appeal because no rule 15 motion was filed before the district court. And in any event, Bank of America cannot avail itself of rule 15; only the plaintiff can file a motion to amend the complaint to correct the name of the defendant. *Id.* R. 15(a) ("a party may amend *its pleading*" (emphasis added)). Of course, Van Leeuwen could have filed a motion pursuant to rule 15 to amend his complaint and name Bank of America as the defendant, but Van Leeuwen chose not to do so.

¶28     In sum, neither party utilized the available procedural rules to ensure that Bank of America was a party in this matter.[5] As a result, Bank of America was not a defendant in the lawsuit.

## II. District Court Jurisdiction

¶29     Having determined that Bank of America was never a party to the case, we next consider whether the district court erred when it granted summary judgment in favor of "Bank of America, N.A., misnamed BANA RESI NONCORE, on all claims in this case" and whether it abused its discretion in denying Van Leeuwen's motion to strike Bank of America's motion.

---

5. We acknowledge the efforts of the district court to make certain that the correct defendant appeared in the case. But the ultimate responsibility for doing so rested with the parties, and they both failed to take the necessary steps.

¶30    We conclude that because the district court lacked jurisdiction over the non-party Bank of America, it was error for the district court to grant Bank of America's motion for summary judgment. Bank of America moved for summary judgment in its own name, represented by attorneys identified as "Attorneys for Defendant Bank of America, N.A." The district court granted Bank of America's motion and entered judgment in its favor.

¶31    But as explained above, Bank of America was not a party to the action. And where, as here, a non-party failed to intervene and the requirement of intervention was not waived by the opposing party, "the trial court had no jurisdiction" to grant the non-party relief. *See Fisher v. Fisher*, 2003 UT App 91, ¶ 19, 67 P.3d 1055 (holding the district court had no jurisdiction to enforce a lien filed by a non-party); *Ostler v. Buhler*, 1999 UT 99, ¶ 9, 989 P.2d 1073 (reversing the district court's order awarding disbursement to non-party for lack of jurisdiction). Moreover, a judgment "in favor of a person who is not a party to the action or proceeding is void because the court has no jurisdiction to make it." *Openshaw v. Openshaw*, 12 P.2d 364, 365 (Utah 1932).

¶32    Therefore, the district court erred when it granted Bank of America's motion for summary judgment because it did not have jurisdiction to do so. Because we conclude that it was error to grant the motion and enter judgment in favor of Bank of America, we need not decide whether denial of the motion to strike was an abuse of discretion.

CONCLUSION

¶33    Either Van Leeuwen or Bank of America could have utilized the Utah Rules of Civil Procedure to ensure that the correct defendant was named as a party to the lawsuit, but neither did. Because Bank of America was never a party to the lawsuit, the district court did not have jurisdiction over Bank of America and could not grant it relief. We therefore conclude that the district court erred when it granted Bank of America's motion and

entered judgment for "Bank of America, N.A., misnamed BANA RESI NONCORE, on all claims in this case." Accordingly, we reverse and remand this matter to the district court for further proceedings to provide the parties the opportunity to make motions to bring the proper defendant into the case or, in the alternative, to dismiss the case for lack of a proper defendant.

———